55 So.2d 559 (1951)
HEARN et al.
v.
STATE.
Supreme Court of Florida, en Banc.
December 14, 1951.
*560 Wm. W. Flournoy, De Funiak Springs, for appellants.
Richard W. Ervin, Atty. Gen., and William A. O'Bryan, Asst. Atty. Gen., for appellee.
DICKINSON, Associate Justice.
This is a companion case to the case of Hearn v. State, Fla., 54 So.2d 651.
In the other case the defendants were accused and convicted of the larceny of one cow, the property of one M.M. Adkinson. In this case the defendants are accused and have been convicted of the larceny of eight cows and two calves, the property of one J.A. Ganey.
The defendants in this case filed a plea of former jeopardy averring that the larceny of the nine cows and two calves occurred at the same time, at the same place, and under the same circumstances, even though the cattle were the property of different owners, and that thus there was only one larceny involved for which they could be tried.
The State filed a demurrer to the plea of former jeopardy, which demurrer was sustained and the trial had which resulted in a conviction of the defendants of the larceny of these eight cows and two calves, the property of said Ganey. Thus the only question involved is whether or not the defendants had been placed in former jeopardy by the trial of the case above mentioned, that is, the case involving the larceny of the cow belonging to Adkinson.
The facts in the two cases are identical; the nine cows and the two calves were all on the same open range, were rounded up at the same time, were placed in the same truck by the defendants at the same time from the same loading pen. The cattle were all grazing in and around the same area, and apparently were not too far separated by distance, because the act of rounding up, loading, etc., consumed only a few minutes of time. All of the cattle were transported in the same truck to Selma, Alabama, and sold at the same time, or attempted to be sold as a single lot when the defendants were apprehended.
The defendants were convicted in the morning of the larceny of the one cow belonging to Adkinson, and placed on trial in the afternoon for the larceny of the Ganey cows and calves. Thus the only question posed is whether or not two offenses are committed when separate objects are stolen at the same time, from the same place, under the same circumstances and as part of the same act, although the objects of the larceny belong to two separate individuals, or whether or not such constitutes a single larceny.
So far as we can determine this is a case of first impression in this State, although the converse thereof, that is that where property is stolen from the same owner or from different owners at different times or places or as a result of a series of acts, separated in either time, place or circumstances, one from the other each taking is a separate and distinct offense has been established as the law of this State since the case of Green v. State, 134 Fla. 216, 183 So. 728. If the converse is true, then it should follow that where several articles are taken at the same time and place as one continuous act, though owned by different people, the offense is a single larceny.
Each case of this nature must be determined by the facts and circumstances of the particular case. There is some conflict in the cases, but the clear weight of authority is to the effect that the stealing of several articles at the same time and place as one continuous act or transaction is a single offense, even though the property belongs to different owners, for the reason that it is only a single act or taking.
Some courts hold, however, that the prosecuting authorities may elect to try the larceny from each owner in such case as a separate and distinct offense and still others *561 hold that they are necessarily separate and distinct, because of the separate trespass to the person or property of each owner; but this reasoning has been criticized on the ground that it ignores the character of the offense as one against the public and treats it as simply a trespass against the individual owner. 32 Am.Jurisprudence, Subject: Larceny, Article IX, page 895.
Larceny is an offense against the public, that is against the State, and the offense is the same whether the property stolen belongs to one person or several persons jointly or to several persons each owning separate parts thereof. The names of the owners of the stolen property constitute no part of the offense. They are stated in the information primarily as a matter of description for the purpose of identification and to show ownership in a person or persons other than the accused.
We will align ourselves with the majority rule in this country because we feel that to permit the dividing into several larcenies of objects which are the subject of larceny, although belonging to separate owners, when stolen at the same time, from the same place, and under the same circumstances with the same intent, would be violative of the spirit of the Constitution of the United States and the State of Florida that a man should not be put in jeopardy twice for the same offense. See also Notes in 31 L.R.A.,N.S., 723, and 42 L.R.A.,N.S., 967.
The State relies very strongly on the case of State v. Akers, 106 Mont. 105, 76 P.2d 638, wherein the Supreme Court of the State of Montana in a divided opinion held that in that case there were two separate thefts or larcenies of two separate animals, but a careful reading of the opinion leads us to the conclusion that the evidence showed that the animals were taken near the same time but at places a mile or so distant from each other. That space or distance distinguishes the case from the case at bar, where everything occurred at the same time, at the same place, and under the same circumstances.
Accordingly, it is our opinion that the learned Circuit Judge was in error in sustaining the State's demurrer to the plea of former jeopardy and that in fact the facts and circumstances of this case are identical with the other case for the larceny of which the defendants were convicted, all occurring at the same time and arising out of the same transaction, under the same circumstances and with the same intent, thus constituting this act a single larceny.
The judgment of conviction and the order sustaining the State's demurrer to the plea of former jeopardy interposed by the defendants, is therefore reversed.
TERRELL, HOBSON and ROBERTS, JJ., concur.
SEBRING, C.J., and CHAPMAN and MATHEWS, JJ., dissent.