293 So.2d 79 (1974)
Cephus HILL and John Leggett, Appellants,
v.
The STATE of Florida, Appellee.
Nos. 73-1148, 73-1180.
District Court of Appeal of Florida, Third District.
April 9, 1974.
Phillip A. Hubbart, Public Defender, and Roy S. Wood, Jr., Asst. Public Defender, for appellants.
Robert L. Shevin, Atty. Gen., and Stephen V. Rosin, Asst. Atty. Gen., for appellee.
Before PEARSON, CARROLL and HENDRY, JJ.
HENDRY, Judge.
This is an appeal from convictions resulting from a holdup at a Publix Supermarket.
The appellant, John Leggett was found guilty by a jury of five counts of robbery in violation of Fla. Stat. § 813.011, F.S.A. He was adjudicated guilty and sentenced to 35 years in state prison.
The public defender previously filed a motion to withdraw in case no. 73-1148, involving co-defendant, Cephus Hill, and having proceeded in the manner outlined in Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493, the appeal in that case is not now considered.
In addition, the only point argued to this court was point two of the appellant's brief, and therefore, that is the sole point which we have considered in case no. 73-1180.
The appellant contends that Count I and II of the information charged only a single offense; and, therefore, one of the counts must be reversed. We agree.
In essence, Leggett was charged in these two counts with robbery of Alston Gonzalez, the manager of the store, and Pam Wiley, a cashier.
The proof at trial showed that Leggett entered the office area of the store, brandishing a gun. He ordered both the cashier and the manager to give him money belonging to Publix from a drawer and a safe.
Appellant cites Hearn v. State, Fla. 1951, 55 So.2d 559 in which the Florida Supreme Court held that where all the property which is the subject of a larceny is stolen at the same time, in the same place, and under the same circumstances with the same intent, only a single larceny has been committed.
The state distinguishes Hearn v. State, supra, on the basis that in this case the charges were robbery, not simply larceny, *80 and one element of the offense is force or violence against the victim or putting the victim in fear.
Nevertheless, the statute clearly provides that the money or property taken in a robbery must be the subject of larceny, and we think the Hearn case is controlling.
Therefore, for the reasons stated, the sentence upon counts one and two must be vacated, and the cause remanded for resentencing with directions to treat count one and two as only a single offense.
It is so ordered.