402 So.2d 1231 (1981)
Daryl Lee CASTELBERRY and Robert James Goode, Appellants,
v.
STATE of Florida, Appellee.
Nos. 80-895, 80-903.
District Court of Appeal of Florida, Fifth District.
July 29, 1981.
James B. Gibson, Public Defender, and Thomas R. Mott, Asst. Public Defender, for appellants.
Jim Smith, Atty. Gen., Tallahassee and James Dickson Crock, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
In this consolidated appeal, the appellants raise seven issues. Only two merit discussion.
The appellants[1] were both charged with escape (Count I); burglary with an assault (Count II); burglary while armed with a knife (Count III); burglary while armed with a firearm (Count IV); armed robbery (Count V); and grand theft auto (Count VI). Both appellants were convicted and adjudged guilty on all six counts. Both were thereafter sentenced as follows: escape, fifteen years; burglary of a dwelling with a firearm, three hundred years; armed robbery three hundred years; grand theft, ten years.
The first issue we address is whether the automobile in Count VI was personal property taken during the course of the robbery charged in Count V. We hold that it was. The taking of the car, along with other property taken from within the victims' residence, was effectuated by force and by placing the two victims in fear. The appellants entered a residence and both occupants were bound. The appellants then proceeded to take a gun and ammunition, money, jewelry, clothes, and other personal *1232 property, including keys to a car belonging to one of the victims.[2] Having taken everything they wanted from inside the house, and while the victims remained restrained and in fear, the appellants took the car.
Our holding is necessarily limited to its fact situation. See Hearn v. State, 55 So.2d 559 (Fla. 1951). Whether an item is taken as part of one theft or robbery, or two, necessarily depends upon chronological and spatial relationships. If a defendant thrusts a pistol into a victim's ribs and says, "Give me your watch, your wallet, and your tie!" and the victim complies, only one statutory violation, one robbery, has been committed. See Hearn, 55 So.2d at 560; McClendon v. State, 372 So.2d 1161 (Fla. 1st DCA 1979) [items listed in a grand larceny count were taken during the same continuous sequence of events as money charged in a separate robbery count; the grand larceny was held to be a lesser included offense of the robbery].
We note that section 775.021(4), Florida Statutes (1979), does not mandate a different result because, as previously discussed, only one violation of the criminal statutes occurred with respect to this aspect of the appellants' course of conduct. We also view our conclusion on this point as not inconsistent with Joseph v. State, 316 So.2d 585 (Fla. 4th DCA 1975), cited by the state. In Joseph, unlike the present case, there was no indication that the perpetrator obtained the automobile by force, violence, or by putting in fear.
Reiterating, because possession of the car, like all the rest of the personalty taken from the residence by the appellants, was the product of the same force and fear, the taking of the car charged in Count VI is a lesser included offense of the robbery charged in Count V. The convictions and sentences based upon the respective Count VI's must be reversed.
The second point we consider is whether the trial court erred by adjudging the appellants guilty of three counts of burglary. We hold that it did. Though three separate aggravating circumstances occurred while the appellants were within the residence, only one burglary, one entrance with the intent to commit an offense, took place. Two of the three respective burglary convictions are therefore vacated: burglary with an assault (Count II) and burglary while armed with a knife (Count III). The appellants' convictions and sentences for burglary while armed with a firearm (Count IV) are affirmed.[3]
Because we are vacating the appellants' burglary with an assault convictions, we need not consider their argument that the assault merger into their robbery convictions. We therefore remand the case to the trial court for further proceedings consistent with this opinion.
REVERSED in part; AFFIRMED in part; and REMANDED.
SHARP and COWART, JJ., concur.
NOTES
[1] A third defendant pleaded guilty to the charges against him and is not a party to this appeal.
[2] The car owner-victim testified as follows:

Q. And where did they get the keys from?
A. Well, I had the keys in a ... I believe they was laying on top of the dresser drawers. Or in my pocket, I forget which. But, they asked me for the keys, and I give them to them, told them where it was.
[3] While the appellants were adjudged guilty of all three burglary charges, they were sentenced only for burglary while armed with a firearm (Count IV).