413 So.2d 1273 (1982)
Jimmy BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. AG-238.
District Court of Appeal of Florida, First District.
May 14, 1982.
*1274 Nancy A. Daniels, Asst. Public Defender, Tallahassee, for appellant.
Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for appellee.
THOMPSON, Judge.
Brown appeals from a final judgment of guilt of two counts of armed robbery with a firearm and one count of possession of a firearm by a convicted felon, contending the trial court erred in adjudicating him guilty of two counts of armed robbery when his offense constituted a single criminal transaction. Brown also charges as error the trial court's failure to conduct a Richardson[1] inquiry upon his objection to an alleged violation of the discovery rules by the State. We affirm.
A lone man, later identified as Brown, entered a store and asked the store supervisor whether the store sold money orders. Upon being advised that the store did not sell money orders, he pulled a gun from his waistband and demanded the money from the cash register which the supervisor was operating. After receiving the cash, he demanded the money from the store's other cash register for which the supervisor had no key. He then had her call another store employee who was working in the rear of the store and who had the key to the other register. Although told by the supervisor that a robbery was in progress, the other employee thought the supervisor was joking until Brown pulled his jacket back and showed her the butt of his pistol sticking out of his waistband. She was "nervous and scared" when she saw it "because he may have used the gun on me." She then opened her register and gave the cash in it to Brown. Relying on Hearn v. State, 55 So.2d 559 (Fla. 1951); Morgan v. State, 407 So.2d 962 (Fla. 4th DCA 1982); Thomas v. State, 405 So.2d 1015 (Fla. 1st DCA 1981); and Hill v. State, 293 So.2d 79 (Fla. 3d DCA 1974), Brown argues that under the facts outlined above there was only a single criminal transaction or episode and he can therefore be sentenced for only one count of robbery.
As defined in Section 812.13(1), Fla. Stat., robbery "means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear." (Emphasis added) The mere fact that the property may be owned by a single person or entity does not prevent separate robbery charges if two different people are robbed of money or property that is within their custody. An additional element of the crime of robbery is that the money or property must be taken by force, violence, assault, or putting in fear. Separate charges of robbery are proper against a person who has taken money or property belonging to or in the custody of two separate individuals if each taking is accompanied by force, violence, assault, or putting in fear. Surely it cannot be contended that separate charges of assault or aggravated assault could not be made against Brown under the facts in this case. If Brown had shot and wounded or killed both the supervisor and the other store employee, separate charges of attempted murder or murder could be brought. Although there was only one owner of the money, Brown took two separate quantities of money that were in the custody of two separate individuals by force, violence, assault, or putting in fear each of the individuals.
*1275 The Hearn and Thomas cases, upon which Brown relies, are easily distinguishable. Both involved the crime of larceny or theft which does not involve the requisite element in robbery of force, violence, assault, or putting in fear. Morgan is distinguishable because although the crime of robbery was involved and the property belonged to two people, it was all in the custody of a single person and it was taken by force, violence, assault, or putting in fear of only one person. Two robberies of two different individuals, even though they occur almost simultaneously, are two separate crimes and properly result in two convictions and two sentences. Hillman v. State, 410 So.2d 180 (Fla. 2d DCA 1982). Contra, Hill v. State, 293 So.2d 79 (Fla. 3d DCA 1974).
Brown further contends that Richardson v. State, 246 So.2d 771 (Fla. 1971) requires a reversal because of the trial judge's failure to conduct an inquiry into an alleged violation of discovery rules by the State. We have examined the record, and under the facts of this case find his contention to be without merit.
The judgments and sentences are AFFIRMED.
JOANOS and WIGGINTON, JJ., concur.
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).