430 So.2d 446 (1983)
Jimmy BROWN, Petitioner,
v.
STATE of Florida, Respondent.
No. 62198.
Supreme Court of Florida.
April 14, 1983.
Nancy A. Daniels and Gwendolyn Spivey, Asst. Public Defenders, Second Judicial Circuit, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Barbara Ann Butler, Asst. Atty. Gen., Jacksonville, for respondent.
McDONALD, Justice.
We granted the petition for review of the decision below, Brown v. State, 413 So.2d 1273 (Fla. 1st DCA 1982), based upon apparent conflict with Hill v. State, 293 So.2d 79 (Fla. 3d DCA 1974). We approve.
Brown entered a Family Dollar Store, approached one cashier, displayed a firearm, and directed her to empty the money from her register into a paper bag. Failing to find the manager, Brown returned to the first cashier and ordered her to open a second cash register. The cashier did not have a key to the second register and so summoned her only fellow employee who had a key to the second register. The second employee refused to believe that a robbery was actually in progress and would not open the register until Brown displayed his firearm to her. She then opened the register for which she was solely responsible and placed its contents in the paper bag with the money from the first register. Brown was convicted of two counts of robbery and the district court of appeal affirmed his convictions.
In Hill the defendant entered a grocery store, brandishing a gun, and ordered both the cashier and manager to give him money belonging to the store chain from a drawer and a safe. Because all the money which was the subject of the robbery was taken at the same time and place, under the same circumstances and with the same intent, the district court ruled that separate counts charging robbery of both the manager and the cashier charged but a single offense.
*447 The Hill court cited Hearn v. State, 55 So.2d 559 (Fla. 1951), wherein this Court held that only one larceny was committed where the property, consisting of eleven cattle belonging to different owners, was taken at the same time from the same place under the same circumstances and with the same intent. In Green v. State, 134 Fla. 216, 183 So. 728 (1938), we noted that where property is stolen from the same owner from the same place by a series of acts, if each taking is a result of a separate independent impulse, it is a separate crime. Hence, in larceny cases it is not the fact that the same owner's property is involved that controls, but rather whether there were separate events, each with a separate intent. In Hall v. State, 66 So.2d 863 (Fla. 1953), cert. denied, 346 U.S. 931, 74 S.Ct. 321, 98 L.Ed. 422 (1954), we affirmed separate convictions where the taking of cattle on the same day involved the invasion of separate pastures even though the same motor truck was used.
In this case the money taken by the defendant belonged to a single owner, but it was taken by force, violence, assault, or putting in fear from two separate employees. The taking was from separate cash registers, over the second of which the first employee had no control. The two events were separated in time and each required separate criminal intent. Actual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.
Hill may be factually different from this case, since only one transaction was found, but, we disapprove Hill to the extent that it implies that there cannot be two robberies when the property taken belongs to the same entity. We approve the First District Court's opinion in this cause.
It is so ordered.
ALDERMAN, C.J., and ADKINS, OVERTON and EHRLICH, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I respectfully dissent to the approval of two separate convictions for armed robbery since it is clear from the evidence that only one armed robbery took place.
Petitioner went into the store for the purpose of taking money from the store by force, violence, assault, or putting in fear. His intent was to achieve such fear and cooperation by exhibiting his gun to whoever might be in custody of the store's money. The first employee he contacted needed assistance in opening the second cash register as directed so she sought the assistance of the second employee in unlocking it. The store owner was the true victim of the robbery as the clerks were not robbed of their personal possessions. I believe these events constituted one continuous transaction and therefore there was only one armed robbery.
Under the Court's reasoning, if the second clerk had been unable to open the cash register and a dozen other employees had been forced to assist, there would have been fourteen separate armed robberies. On the other hand, if the robber had entered the store and instantaneously and simultaneously put all the employees in fear and demanded that he be given all the storeowner's money, there would be only one armed robbery. I do not believe that such a discrepancy of result turning on such factual distinctions was intended by the legislature.
Based upon Hill v. State, 293 So.2d 79 (Fla. 3d DCA 1974), I would hold that there was only one armed robbery.