451 So.2d 941 (1984)
Carlos MORALES, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1632.
District Court of Appeal of Florida, Fifth District.
June 7, 1984.
Rehearing Denied June 26, 1984.
*942 James B. Gibson, Public Defender, and Larry B. Henderson, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Richard W. Prospect, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Chief Judge.
Appellant appeals from conviction and sentences for two counts of robbery. His principal contention is that the evidence does not support conviction for two robberies, because it shows, at most, only one. We affirm.
The charges arose out of an incident which resulted in the taking of a motor vehicle by defendant. The following facts were essentially proved at trial: Carla Trofibio and Karen Sue Cox were travelling on I-95 in Ms. Cox's car. Ms. Trofibio had been driving. When they returned to the car after having stopped for dinner, Ms. Trofibio, still in possession of the car keys, unlocked the passenger door, then went around to the driver's side to unlock the driver's door. As she was doing so, she was approached by appellant who grabbed her arm and struck her on the face with his fist. Ms. Trofibio resisted and tried to run away, but defendant caught her, hit her again and knocked her down, forcefully taking the car keys from her.
As defendant returned to the car, Ms. Cox came around to the driver's side in an attempt to stop him, but he struck her also, knocked her down, entered the car, and drove away. He was apprehended in Brevard County a short time later.
In support of his contention that only one robbery was committed, appellant relies on Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), but that case is distinguishable. In Castleberry, the defendants entered the home of the victims, held a knife *943 on both occupants at the same time, bound them and proceeded to take personal property, including a car. The court, emphasizing that the holding was limited to the facts before it, held that only one robbery took place because the taking "was the product of the same force and fear." That is not the factual situation here, because separate and distinct force, separated by time and space, was exerted on both victims and separate takings occurred. The first force against Ms. Trofibio resulted in appellant's taking the keys. The second force against Ms. Cox resulted in appellant's taking the car. See Hillman v. State, 410 So.2d 180 (Fla. 2d DCA 1982).
We believe this case to be controlled by the holding in Brown v. State, 430 So.2d 446 (Fla. 1983), where the court agreed that two separate robberies had occurred when a single culprit entered a store and demanded money from one cashier, and a moment later from another cashier. The court held that although the money belonged to a single owner, it was taken by force, violence, assault or putting in fear from two separate employees. The court explained:
... The two events were separated in time and each required separate criminal intent. Actual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction. Id. at 447.
Similarly in the facts presented here, the jury could conclude that two separate and distinct takings occurred by force and violence directed at two people, separated by time and space.
There is another basis for affirmance. In State v. Getz, 435 So.2d 789 (Fla. 1983), the supreme court upheld separate convictions for theft of a firearm and theft of other property worth less than a hundred dollars, taken by one person in a single burglary. The court held that there were two separate crimes committed because the items were covered under separate sections of the same statute; viz: the theft of property was covered by section 812.014(2)(c) and the taking of the firearm was covered by section 812.014(2)(b)3. Using the same analogy, because the crime of robbery involves the taking from the person or custody of another by force, violence, assault or putting in fear, of property which may be the subject of larceny, the keys taken here would be the subject of larceny under sec. 812.014(2)(c), since no value was proved, and the motor vehicle would be the subject of larceny under section 812.014(2)(b)4. Under the Getz analysis, the statute indicates the legislative intent that theft of these items constitutes separate crimes for which separate sentences may be imposed.
Appellant also contends that the court erred in not limiting the State's interrogation of the two women with respect to the injuries suffered by them in this incident. Over objections on relevancy grounds, the trial court specifically ruled that the probative value of the evidence complained of outweighed any prejudicial effect to appellant, and that it was therefore admissible. The trial court has broad discretion in regard to admissibility of evidence and his rulings thereon will not be disturbed on appeal in the absence of a showing of abuse of discretion. Edwards v. State, 414 So.2d 1174 (Fla. 5th DCA 1982). No such abuse is demonstrated.
The judgment and sentences are AFFIRMED.
COWART, J., concurs.
FRANK D. UPCHURCH, Jr., J., dissents with opinion.
FRANK D. UPCHURCH, Jr., Judge, dissenting.
I respectfully dissent. In my opinion, under the circumstances here, the taking of the keys and automobile constituted a single robbery.
In considering this issue, we begin with the proposition that neither the Fifth *944 Amendment guarantee against double jeopardy, nor our state counterpart, Article I, section 9, Florida Constitution, forbids double prosecution for conduct that is conceptually divisible into two offenses, each distinguished by a fact or element not present in the other. Watts v. State, 440 So.2d 505 (Fla. 1st DCA 1983). One of the more recent cases considering the issue of divisibility of conduct into more than one theft or robbery is Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981).
Castleberry involved defendants who were charged with escape, burglary with an assault, burglary while armed with a knife, burglary while armed with a firearm, armed robbery and grand theft of an automobile. The question was whether the automobile in the last count was personal property taken during the course of the robbery. The court reviewed the evidence in the case which established that the taking of the car, along with other property taken from within the victims' residence, was effectuated by force and by placing the victims in fear. The defendants had entered the victims' residence, bound both victims and proceeded to take a gun and ammunition, money, jewelry, clothes and other personal property including keys to a car belonging to one of the victims. After taking articles from inside the house and while the victims remained restrained and in fear, the defendants took the car. In holding that the taking of the car was a lesser included offense of the robbery charged, this court declared:
Whether an item is taken as part of one theft or robbery, or two, necessarily depends upon chronological and spatial relationships. If a defendant thrusts a pistol into a victim's ribs and says, `Give me your watch, your wallet, and your tie!' and the victim complies, only one statutory violation, one robbery, has been committed... . [B]ecause possession of the car, like all the rest of the personalty taken from the residence by the [defendants], was the product of the same force and fear, the taking of the car charged in Count VI is a lesser included offense of the robbery charged in Count V.
402 So.2d at 1232.
The majority in the instant case distinguishes Castleberry on the basis that separate and distinct force, separated by time and space, was exerted on both victims and separate takings occurred, in that by the first force, appellant took the keys from Ms. Trofibio and by the second force against Ms. Cox, the owner of the car, he took the vehicle. This result is correct if one views the keys and automobile as separate and unrelated personal property, such as say money in the possession of different cashiers in the same store. For example, in Brown v. State, 430 So.2d 446 (Fla. 1983), the supreme court held that two separate robberies occurred when the defendant entered a store and demanded money from one cashier and then from another. The court held that even though the money belonged to a single owner, it was taken by force, violence, assault or putting in fear from two separate employees. The court explained:
The two events were separated in time and each required separate criminal intent. Actual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction. (emphasis added)
430 So.2d at 447.
However, keys to an automobile and the automobile itself differ in relationship from the circumstances in Brown. It is only logical to assume that one who forcibly takes a set of car keys from the driver of a vehicle such as under the circumstances of this case has only a single intent which is to expropriate the automobile. The keys themselves have no independent value other than to start the automobile,[1] and the *945 automobile for all practical purposes cannot be taken without the keys. Appellant's sole motive in taking the keys was to operate the vehicle. It is difficult to believe that appellant had a separate and independent intent in taking the keys and the vehicle.
The majority's reliance on State v. Getz, 435 So.2d 789 (Fla. 1983), is also misplaced here. Under the majority's reading of Getz, a defendant who steals an automobile which has the keys in the ignition could be prosecuted for both grand theft of a motor vehicle and petit theft under section 812.014, Florida Statutes (1983). It is sincerely doubted that the legislature intended for such a multiple prosecution in enacting the section.[2]
I would find that a single robbery occurred here, that as to Ms. Trofibio and reduce appellant's conviction on the second robbery count involving Ms. Cox to battery.[3]
NOTES
[1] A different case is presented where either the keys or keychain have inherent value in themselves, such as if they are made of gold or some other valuable material and there is evidence that the thief took them for this reason.
[2] The recent supreme court decision in Grappin v. State, 450 So.2d 480 (Fla. 1984) is also unavailing here since in that case, the court concluded that the legislature unambiguously intended that the taking of multiple firearms in a single criminal episode be treated as separate thefts under section 812.014.
[3] The information here charged appellant with battery of Ms. Cox and the evidence at trial established that appellant struck Cox when she tried to stop him from making off with the car.