453 So.2d 533 (1984)
Henry Charles HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1197.
District Court of Appeal of Florida, Fifth District.
August 2, 1984.
James B. Gibson, Public Defender, and Christopher S. Quarles, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
PER CURIAM.
The question in this case is whether or not a single criminal transaction or episode constituted one or two separate and distinct armed robberies.
Defendant entered a grocery supermarket with a shotgun and marched the cashier from his cash register to the store office where the store supervisor was counting money. Defendant then ordered the cashier to return to his cash register and get the money from it. The defendant then directed the supervisor to put the money she was counting in the office into a paper bag. The cashier then returned to the office and handed the cash register till to the supervisor who then placed the money from the till into the paper bag which the defendant took.
On these facts the defendant was convicted of one count of armed robbery as to the cashier and a second count of armed robbery as to the supervisor. The defendant argues that the facts support but one count of armed robbery because all the money was owned by the one supermarket, the supervisor was the overall custodian of the funds and was the one that actually put all of the money into the paper bag and that the taking of the money from both the office and the cash register till were all part of a "single transaction" and one criminal intent in the mind of the defendant.
We hold that the crux of the offense of robbery is a taking and that the taking of the money from the custody of the supervisor in the office and the taking of the money from the cash register till that was in the actual custody of the cashier, were sufficiently distinct and different factual events as to support two separate convictions.[1]See Brown v. State, 430 So.2d 446 *534 (Fla. 1983). See also Morales v. State, 451 So.2d 941 (Fla. 5th DCA 1984).
AFFIRMED.
FRANK D. UPCHURCH, SHARP and COWART, JJ., concur.
NOTES
[1] For a general consideration of the divisibility of one criminal transaction or episode into two or more separate and distinct factual events each constituting a separate and distinctly different criminal offense, see the dissent in Baker v. State, 425 So.2d 36 at 44 (Fla. 5th DCA 1982), quashed in part, State v. Baker, Baker v. State, 456 So.2d 419 (Fla. 5th DCA 1984).