496 So.2d 256 (1986)
Edward C. GREEN, Appellant,
v.
STATE of Florida, Appellee.
No. 86-138.
District Court of Appeal of Florida, Fifth District.
October 30, 1986.
*257 James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Jim Easley, Asst. Atty. Gen., Daytona Beach, for appellee.
ORFINGER, Judge.
Defendant appeals the judgments and sentences imposed following his conviction on three counts of armed robbery, one count of attempted armed robbery, one count of kidnapping, one count of attempted kidnapping, and one count of grand theft auto. He raises three issues on appeal: (1) that the theft of the automobile was a part of the armed robbery, thus not a separate crime; (2) that there was insufficient evidence to support the conviction of attempted kidnapping of Ms. Courtney; and (3) the court erred in assessing points for slight victim injury on the guidelines scoresheet. We affirm.
The charges arose from an incident wherein defendant entered Orange Paving and Construction Company, pointed a sawed-off shotgun at the receptionist and ordered her to get on the floor. He then entered Kim Courtney's office and ordered her to the floor. Henry Wall, also an employee of Orange Paving, entered the building and defendant ordered him to lie down on the floor in Courtney's office. Defendant reached into Wall's hip pocket, removed Wall's billfold and took his money. Defendant then demanded, and took, money from Courtney.
Defendant next went into Joyce Sammet's office, ordered her to the floor and demanded her money. Mike Neese then entered the building. Defendant put his gun to Neese's head, forced him into Sammet's office and had Neese get on the floor. Defendant searched Neese but found no money. Defendant ordered Courtney and Wall into Sammet's office and demanded a car. Learning that Courtney's car was out front, defendant told her to get her keys and come with him because she was going to drive. Wall offered to go in her place, and defendant agreed. He told Wall to get the keys, not to look at defendant, get in the car, start it and put it in reverse. Wall did as he was told. The left car door then opened and Wall felt a gun barrel poke him just below his rib cage. Defendant ordered Wall to move over and get down on the passenger floorboard. With the car moving in reverse, Wall attempted to grab the shotgun and, in the ensuing struggle during which the shotgun discharged shattering the car's windshield, the two men fell out of the car. Wall yelled for help and several other employees came running and held defendant down until the police arrived.
The guidelines scoresheet total was 351 points, which included 8 points for slight victim injury to Wall. The presumptive sentence was 17 to 22 years. Defendant was sentenced to 22 years on the conviction for kidnapping Wall and received life probation on the three armed robbery counts consecutive to the term of imprisonment. Defendant was also put on probation for 15 years on the attempted armed robbery and attempted armed kidnapping counts, and 5 years' concurrent probation on the count for grand theft auto.
Count II charged defendant with armed robbery of Ms. Courtney. Count VII charged defendant with grand theft of her automobile. Defendant contends that he should not have been convicted of both offenses because the car and money were owned by the same person, were taken at the same time and by the same means. He relies on Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), pet. for rev. den., 412 So.2d 470 (Fla. 1982). In Castleberry the defendants entered the victims' home and bound the victims. Defendants took personal property, including car keys. *258 Leaving the victims bound and in fear, defendants stole their car. Defendants were convicted of armed robbery and grand theft auto. This court held the automobile was personal property taken in the course of the robbery:
[B]ecause possession of the car, like all the rest of the personalty taken from the residence by the appellants, was the product of the same force and fear, the taking of the car charged in Count VI is a lesser included offense of the robbery charged in Count V.
Id. at 1232. This court was careful to limit the holding to the specific fact situation of the case, noting that "whether an item is taken as part of one theft or robbery, or two, necessarily depends on chronological and spatial relationships." Id. at 1232.
Defendant argues that by analogy his demand for a car, following his taking of money from the victims, was merely a continuation of his original demand for property which resulted in his armed robbery conviction. Defendant alleges that Ms. Courtney's money, keys and car were obtained by the same means, i.e., by the same force, violence or putting in fear.
The State suggests that Brown v. State, 430 So.2d 446 (Fla. 1983) is controlling. In Brown defendant entered a store, displayed a firearm and ordered the cashier to empty her register into a bag. A second cashier was ordered to open a second register. Defendant was convicted of two counts of robbery. In affirming the convictions, the supreme court noted that:
In this case the money taken by the defendant belonged to a single owner, but it was taken by force, violence, assault, or putting in fear from two separate employees. The taking was from separate cash registers, over the second of which the first employee had no control. The two events were separated in time and each required separate criminal intent. Actual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction. [Emphasis added].
Id. at 447.
It appears that Brown is dispositive here. From the facts presented, there was evidence from which the jury could conclude that although Ms. Courtney owned the money, car keys and automobile, the taking of those articles was done with separate and independent intent for each transaction, separated in time and space. Ms. Courtney's money was taken from her while she was in her office. Subsequently the defendant ordered Courtney into a second office where the defendant had robbed two other people. After completing the taking of the money, the defendant made a general demand for a car. Because hers was the only car parked in front of the building, Ms. Courtney was ordered to relinquish her car keys. A separate and distinct force resulted in the taking of the keys. The first force against Ms. Courtney occurred in her own office. Minutes later and in a separate office a second force resulted in the taking of the car keys under circumstances which were separate and apart from the original robbery. There was evidence from which the jury could conclude that two separate and distinct takings occurred separated by time and space. See also Morales v. State, 451 So.2d 941 (Fla. 5th DCA 1984).
Count VI of the amended information charged the defendant with kidnapping Ms. Courtney with intent to "hold for ransom or reward or as a shield or hostage." § 787.01(1)(a)1, Fla. Stat. (1983). The jury found defendant guilty of attempted kidnapping. Defendant contends on appeal that the State failed to prove that he committed some overt act in furtherance of his intent to confine Courtney for the purpose of using her as a hostage. He contends that his mere request that Courtney get her keys and come with him was not sufficient as an overt act because the request was made to all victims and because Mr. Wall intervened before Courtney had even made a move to get her keys.
*259 The State cites Duba v. State, 446 So.2d 1167 (Fla. 5th DCA 1984) as analogous. In Duba the defendant, while driving a van, pointed a pistol at the victim and said, "Get in the van or I'll kill you." The victim ran away. This court upheld the defendant's conviction for attempted kidnapping, finding that the facts and circumstances constituted sufficient competent evidence from which the jury could infer that the defendant had the specific mental intent required under the statute charged. Similarly here, the defendant vocalized his intent to take Ms. Courtney from the premises against her will. Although Mr. Wall was successful in intervening, there is evidence from which the jury could conclude that the defendant had the intent to take Ms. Courtney against her will, and force her to drive him away from the crime scene. The evidence is sufficient to support the conviction for attempted kidnapping of Ms. Courtney.
The sentencing scoresheet reflects eight points added for slight victim injury. Defendant contends that victim injury was not an essential element of any offense at sentencing and thus erroneously scored. However, he overlooks the fact that kidnapping includes "forcibly ... confining, abducting or imprisoning another person against his will ..." § 787.01(1)(a), Fla. Stat. (1985). The trial court included those points for injury to Mr. Wall and the evidence supports it. Injury can be a product of the force used, thus an element of the crime, so the points were properly assessed.
The judgments and sentences are
AFFIRMED.
UPCHURCH, C.J., and DAUKSCH, J., concur.