PER CURIAM.
Appellant, Stanley Pettigrew, appeals his conviction and sentence. We affirm in part, reverse in part, and remand.
Appellant was charged with multiple counts of armed robbery and attempted armed robbery, as well as with the murder of a victim who was shot during the commission of the robberies. All the charges stemmed from an incident in which several masked and armed men entered a restaurant and robbed the customers. During the robbery, the appellant struggled with one of the victims, and appellant’s mask fell off.
Appellant was convicted of first degree murder, three counts of armed robbery with a firearm, one count of attempted armed robbery, and one count of attempted armed robbery with a firearm. Two of the armed robbery convictions involved the taking of a victim’s purse which also contained a bracelet belonging to another victim. The owner of the bracelet testified that his bracelet was inside the other victim’s purse when it was taken and that its value was $300.00.
Appellant contends, and the State concedes, that the evidence adduced at trial of the armed robbery of the owner of the bracelet was insufficient as a matter of law. The owner had placed his bracelet in the other victim’s purse and, therefore, no property was taken from the owner’s person. Therefore, the conviction for the armed robbery of the owner of the bracelet, when the bracelet was taken not from his person but from inside a purse in another s possession, cannot stand. Bell v. State, 394 So.2d 979 (Fla.1981). Accordingly, we remand with instructions that the conviction for the robbery of the owner of the bracelet be reduced to grand theft.
Finding no merit in appellant’s other contentions, we affirm in part, reverse in part, and remand.