586 So.2d 1298 (1991)
Terry Levon COBB, Appellant,
v.
STATE of Florida, Appellee.
No. 89-01417.
District Court of Appeal of Florida, Second District.
October 2, 1991.
*1299 Susan W. Harrell, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Elaine L. Thompson, Asst. Atty. Gen., Tampa, for appellee.
HALL, Judge.
The appellant, Terry Levon Cobb, challenges his convictions and sentences for three counts of armed robbery. He contends that his conviction under count I cannot stand and that the trial court failed to determine, pursuant to sections 39.111(7)(c) and (d), Florida Statutes (1987), his suitability for adult sanctions. We agree with both of the appellant's contentions.
The testimony at trial revealed that as David Carraway, Darvis Mason, and Richard Shellhorn were leaving the Midnight Madness Fair at the Lee County Civic Center, they realized they were still being followed by three men who had been following them throughout the fair. Shellhorn directed Carraway to run ahead and unlock Shellhorn's car so they could get away from the three men. Carraway did so but the three men caught up with them. One of the men, who was identified as the appellant, pulled out a sawed off shotgun. The appellant walked up behind Mason, put the gun to his head, and threatened him, and the other men grabbed Mason's gold chains and fur hat. The appellant then saw Carraway attempting to unlock the car. The appellant went over to Carraway, stuck the shotgun in his ribs, and told him to hand over the keys. Carraway complied and the three men got in the car and fled.
The state charged the appellant with committing three counts of robbery with a firearm. Count I alleged the appellant forcefully took a motor vehicle from Richard Shellhorn, count II alleged the appellant forcefully took necklaces and a hat from Darvis Mason, and count III alleged the appellant forcefully took keys from David Carraway. At the conclusion of trial, the jury found the appellant guilty of three counts of robbery with a weapon. The trial court then sentenced the appellant pursuant to the guidelines to twelve years' imprisonment, to be followed by five years' probation, on each count, the terms to run concurrently. Although the appellant was sixteen years of age at the time he committed the robberies, the trial court made no written findings in support of the imposition of adult sanctions.
The appellant first contends that since Shellhorn had given his car and his car keys to Carraway to drive to the fair while Shellhorn drove to the fair with others, the car was in Carraway's possession and control and the forceful taking of the keys and the car from Carraway constituted but a single offense with a single intent. In support of this contention, the appellant cites Brown v. State, 430 So.2d 446 (Fla. 1983); Morgan v. State, 407 So.2d 962 (Fla. 4th DCA 1981); and Castelberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), review denied 412 So.2d 470 (1982). In Morgan, the appellant committed an armed robbery of one individual during one incident. Since some of the money taken belonged to the victim and some belonged to his employer, the appellant was charged with and convicted of two counts of armed robbery. On appeal, the Fourth District struck one of the convictions, citing Hearn v. State, 55 So.2d 559 (Fla. 1951), and held that under the circumstances there was only one robbery. In Hearn, the supreme court held that only one larceny was committed when the appellant stole cattle belonging to two *1300 owners from the same pasture at the same time.
In Castelberry, the appellant and his co-defendant, who were armed with a knife and a firearm, entered a residence, bound the occupants, and took a gun and ammunition, money, jewelry, clothes, and other personal property, including a set of car keys to one of the victims' cars. Upon leaving the house, the appellants took the car. The Fifth District held that the car which was the subject of the grand theft auto charge was part of the personal property which was the subject of the armed robbery charge:
Our holding is necessarily limited to its fact situation. See Hearn v. State, 55 So.2d 559 (Fla. 1951). Whether an item is taken as part of one theft or robbery, or two, necessarily depends upon chronological and spatial relationships. If a defendant thrusts a pistol into a victim's ribs and says, "Give me your watch, your wallet, and your tie," and the victim complies, only one statutory violation, one robbery, has been committed... . [B]ecause possession of the car, like all the rest of the personalty taken from the residence by the appellants, was the product of the same force and fear, the taking of the car charged in count VI is a lesser included offense of the robbery charged in count V.
402 So.2d at 1232 (citations omitted). The Fifth District reversed the appellant's conviction under count VI.
In Brown, the appellant entered a store, displayed a firearm to a cashier, and directed her to empty the cash from a register into a paper bag. He then directed her to do the same with a second register. Since that cashier did not have a key to the second register, the appellant approached another cashier and directed her to empty the second register's cash into his paper bag. This cashier refused, not believing a robbery was in progress, until the appellant displayed his firearm to her. The First District affirmed the appellant's conviction of two counts of robbery. The supreme court approved that disposition, holding as follows:
In this case the money taken by the defendant belonged to a single owner, but it was taken by force, violence, assault, or putting in fear from two separate employees. The taking was from separate cash registers, over the second of which the first employee had no control. The two events were separated in time and each required separate criminal intent. Actual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.
430 So.2d at 447. This holding is consistent with the definition of robbery, which is, in pertinent part, the taking of property from the person or custody of another by putting that person in fear. § 812.13(1), Fla. Stat. (1987).
We agree with the appellant that Morgan, Castelberry, and Brown all mandate reversal of his conviction of armed robbery of Richard Shellhorn. The car keys and thus the car were in Carraway's custody as he had driven the car to the fair, apparently still had the keys upon departing from the fair, and was directed by Shellhorn to unlock the car. Immediately upon taking the keys from Carraway, the appellant and his companions jumped in the car and fled. Thus, the taking of Shellhorn's car was not successive and distinct from the taking of the keys from Carraway. Rather, the taking of the car and the taking of the keys were products of the same intent. Furthermore, the taking of the car was not from Shellhorn's person or custody, it was from Carraway's custody. By contrast, the taking of Mason's fur hat and necklaces was successive and distinct and was with a separate and independent intent from the taking of Carraway's keys. In addition, Mason's belongings were taken from Mason's person. Thus, we find that Mason and Carraway were victims of armed robberies by the appellant.
*1301 The appellant also contends that since he was a juvenile at the time the armed robberies were committed, the trial court erred in sentencing him as an adult without making specific written findings of fact pursuant to the criteria in section 39.111(7)(c), Florida Statutes (1987). Reed v. State, 544 So.2d 1077 (Fla. 2d DCA 1989). We agree.
Accordingly, we reverse the appellant's conviction and sentence under count I. We do not reach the issue of whether the appellant may have committed an aggravated assault of Shellhorn. We also vacate the appellant's sentences under counts II and III and remand for resentencing pursuant to the procedures set forth in sections 39.111(7)(c) and (d), Florida Statutes (1987).
Affirmed in part, reversed in part, and remanded.
RYDER, A.C.J., and FRANK, J., concur.