589 So.2d 997 (1991)
Lawrence TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 90-2210.
District Court of Appeal of Florida, First District.
November 15, 1991.
*998 Nancy Daniels, Public Defender; Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.
MINER, Judge.
Urging several grounds for reversal, appellant challenges his conviction and sentences for two counts of armed robbery with a firearm. However, finding that the trial court did not err in admitting the testimony complained of or in granting the state's motion in limine, we address only two of appellant's points on appeal.
Appellant was charged by information with two counts of armed robbery with a firearm. Both offenses were alleged to have been committed on November 12, 1989, at a Baskin-Robbins Ice Cream Store in Jacksonville. Count I charged appellant with taking currency from Christopher Elrod, a custodian of the store, and Count II charged him with taking currency from another employee, Kimberly Smith.
At trial, Kimberly Smith testified that she and her manager, Christopher Elrod, were working at Baskin-Robbins on the evening in question. Prior to the closing of the store, a man whom she identified as appellant entered and ordered a scoop of ice cream. Kimberly Smith filled his order and as she began to ring up the purchase, appellant lifted his shirt to reveal a light brown wooden handle of a gun with the barrel tucked into the waistband of his jeans. He told Smith that nobody would be hurt if she gave him the money. Appellant then told Christopher Elrod to step forward and to move away from the sink where he was working. When Elrod joined Smith, appellant showed Elrod the gun and told him to take the money from the register and place it on the counter top, with which order Elrod complied. After picking up the money appellant departed and the police were called. Appellant was subsequently apprehended, identified, charged as aforesaid and convicted. At sentencing, appellant was sentenced as an habitual violent felony offender to 35 years on Count I with the applicable 15 year minimum mandatory as well as a 3 year minimum mandatory for possession of a firearm. An identical sentence was imposed for Count II which was to be served consecutively with that imposed on Count I. This appeal followed.
Citing to Brown v. State, 430 So.2d 446 (Fla. 1983) and Hill v. State, 293 So.2d 79 (Fla. 3d DCA 1974), appellant first argues that he cannot be convicted of two robberies in connection with the above described incident because there was only one forceful taking. We agree and reverse his conviction for armed robbery of Kimberly Smith.
But for the supreme court's disapproval in Brown v. State, supra, there would be no doubt that the instant case was controlled by Hill v. State, supra, which case is factually similar. In Hill, the armed robber entered an office area of a Publix grocery store and ordered the cashier and her manager to give him money from a cash drawer and a safe. The defendant was convicted of two counts of armed robbery, but the Third DCA reversed one of the convictions. Although the court did not offer a lengthy explanation of its reasoning, it held that there was only a single robbery committed.
In Brown, the armed robber entered a store and ordered a cashier to put the money from her register into a paper bag. He then ordered the cashier to open a second register, but she informed him that she did not have the key to the second register. When she summoned a fellow employee who had a key, the robber ordered *999 the second employee to place the money from the register into the paper bag. The supreme court affirmed dual convictions for armed robbery, and offered the following explanation:
[T]he taking was from separate cash registers, over the second of which the first employee had no control. The two events were separated in time and each required separate criminal intent. Actual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.

Brown, 430 So.2d at 447 (emphasis added). Although the court found Hill factually distinguishable because Hill only involved one transaction, the court saw the need to disapprove of Hill to the extent that the case suggested that there cannot be two robberies where the stolen property belongs to a single entity. Apparently, the court read Hill as holding that there was only one robbery in that case because all the stolen property belonged to Publix.
Aside and apart from Hill, it is clear from the quoted language in Brown that there was but one armed robbery in the instant case. Appellant's only forceful taking was from Christopher Elrod and his single intent was to obtain the cash contained in the register. This is not similar to Brown, where two individuals were robbed of two sums of money. Compare Ponder v. State, 530 So.2d 1057 (Fla. 1st DCA 1988) (evidence would have supported dual armed robbery convictions where the defendant entered a fast food restaurant, ordered one employee to put money in a bag, and then ordered a second employee to put money in the bag) and Holmes v. State, 453 So.2d 533 (Fla. 5th DCA 1984) (two armed robbery convictions were proper where the defendant entered a grocery store and ordered a cashier to empty her register while he robbed the store supervisor in the office) with Pettigrew v. State, 552 So.2d 1126 (Fla. 3d DCA 1989) (where the defendant took the victim's purse at gunpoint and the purse contained a bracelet belonging to a second person, the evidence would not support dual armed robbery convictions because nothing was taken from the person of the bracelet owner), rev. den., 563 So.2d 633 (Fla. 1990).
Although appellant's conviction for armed robbery of Kimberly Smith must be reversed, we direct the trial court, pursuant to section 924.34, Florida Statutes (1989), to enter a judgment of conviction against appellant for the crime of aggravated assault with a deadly weapon committed against Kimberly Smith. Section 924.34 provides as follows:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.
(Emphasis added). In Royal v. State, 490 So.2d 44 (Fla. 1986), the supreme court employed section 924.34 to do precisely what we now do. The court in Royal reversed an armed robbery conviction and remanded for entry of a judgment of conviction "of aggravated assault with a deadly weapon, which is a necessarily lesser included offense of robbery with a firearm." Id. at 46. Although not discussed in Royal, the Schedule of Lesser Included Offenses does not include aggravated assault with a deadly weapon as a category I necessarily lesser included offense of robbery with a firearm. In fact, the court's holding in Royal prompted the Fifth DCA in Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988), to conclude that aggravated assault with a deadly weapon was, on the authority of Royal, a necessarily lesser included offense of robbery with a firearm. This confusion was dispelled, however, by G.C. v. State, 560 So.2d 1186, 1189-90 (Fla. 3d DCA 1990), aff'd on other grounds, 572 So.2d 1380 (Fla. 1991), where the court held that the emphasized language in section *1000 924.34 referred to both category I and category II lesser included offenses. Because aggravated assault with a deadly weapon is a category II lesser included offense of robbery with a firearm, we apply section 924.34 and order the trial court to enter the judgment of conviction in accordance with the above directive.
With respect to appellant's other meritorious point on appeal, we find that resentencing will also be necessary. He argues and we agree that the trial court erred in imposing consecutive minimum mandatory sentences pursuant to the firearm possession statute. Where the offenses are committed in a single incident Palmer v. State, 438 So.2d 1 (Fla. 1983), and cases decided subject to its mandate indicate that it is improper to stack 3 year minimum mandatory sentences for possession of a firearm. However, we must disagree with appellant's assertion that the minimum mandatory sentences imposed upon habitual violent felony offenders cannot be stacked in this manner. In Daniels v. State, 577 So.2d 725 (Fla. 1st DCA 1991), this court held that habitual mandatories may be imposed consecutively for offenses arising from the same incident.
Accordingly, we REVERSE appellant's conviction on Count II and REMAND the case for the trial court to enter a judgment of conviction for aggravated assault with a deadly weapon. The case must also be remanded for resentencing, and the trial court is herewith instructed to impose concurrent 3 year minimum mandatories. Otherwise, the sentence imposed is proper under Daniels. We likewise affirm as to all other issues.
SMITH, J., and WENTWORTH, Senior Judge, concurs.