614 So.2d 674 (1993)
Brian Keith LUNDY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-03150.
District Court of Appeal of Florida, Second District.
March 3, 1993.
James Marion Moorman, Public Defender, and Teresa J. Sopp of Sasser & Sopp, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Susan D. Dunlevy, Asst. Atty. Gen., Tampa, for appellee.
ALTENBERND, Judge.
Brian Keith Lundy appeals his judgments and sentences for six counts of armed robbery. He raises four grounds for reversal, only one of which has merit.
Mr. Lundy was the "get-away" driver in a series of armed robberies. He contends that one of his convictions for armed robbery must be reversed because there was only one taking, although it was from two individuals. The record reveals that Mr. Lundy's accomplice, Mr. Rodriguez, entered a restaurant, pointed a gun at the dining room supervisor and forced her into the office. Once in the office, Mr. Rodriguez pointed the gun at the assistant manager, who was sitting on the floor in front of the safe. Mr. Rodriguez ordered the assistant manager to give him the money from the safe, which she did. Counts three and four of the information charged Mr. Lundy with armed robbery of both the assistant manager and the dining room supervisor.
We agree that Mr. Lundy's conviction for armed robbery of the dining room supervisor, as charged in count four, must be reversed. The only forceful taking involved the cash from the safe, which was taken from the assistant manager. There is no evidence that the defendants intended to take property from two people. Taylor v. State, 589 So.2d 997 (Fla. 1st DCA 1991), rev'd on other grounds, 608 So.2d 804 (Fla. 1992). See also Hopps v. State, 594 So.2d 848 (Fla. 2d DCA 1992) (single robbery occurs when robber confronts couple and takes wife's purse containing husband's property). Cf. Brown v. State, 430 So.2d 446 (Fla. 1983) (two convictions for robbery upheld, although defendant took money belonging to single owner, where he put two employees in fear and took from two separate cash registers; thus, events involved separate criminal intent and were separate in time).
Accordingly, we reverse Mr. Lundy's conviction and sentence for armed robbery charged in count four of the information. His other convictions and the five remaining concurrent life sentences are unaffected by this opinion and are affirmed.
Affirmed in part and reversed in part.
CAMPBELL, A.C.J., and BLUE, J., concur.