674 So.2d 878 (1996)
Jeremiah MARION, Appellant,
v.
The STATE of Florida, Appellee.
No. 95-512.
District Court of Appeal of Florida, Third District.
May 29, 1996.
Bennett H. Brummer, Public Defender, and Marti Rothenberg, Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Roberta G. Mandel, Assistant Attorney General, for appellee.
Before SCHWARTZ, C.J., and COPE and GERSTEN, JJ.
COPE, Judge.
Jeremiah Marion appeals his convictions and sentences following a jury trial. We affirm.
*879 Defendant contends that he was convicted of two counts of strong-arm robbery, when his acts, the forcible taking of a purse and a bicycle, should only be treated as a single strong-arm robbery. As a preliminary matter, we note that this issue was not raised in the trial court. Consequently under Laines v. State, 662 So.2d 1248 (Fla. 3d DCA 1995), review denied, 670 So.2d 940 (Fla.1996), the point is waived as to the adjudications of guilt, but not as to the sentences. Id. at 1249.
With respect to the sentences, we conclude that defendant was properly convicted of two counts of strong-arm robbery. The victim in this case was riding a bicycle. The defendant pursued the victim on his bicycle, knocked the victim off her bicycle, jumped on top of the victim and committed a sexual battery. While holding the victim down, the defendant demanded to know where the victim's money was and she responded that it was in her purse. The defendant held the victim down and reached for the purse. The victim was able to get up and run three steps before the defendant again caught her. Defendant then threw the victim into the bushes and picked up the victim's bicycle, which is quite heavy, and threw the bicycle at her. The bicycle missed the victim and the victim and defendant continued to struggle. The victim escaped again and ran down the street. She looked back and saw the defendant going through her purse. The defendant then picked up the victim's bicycle and rode away, leaving the defendant's own bicycle at the scene of the crime.
We think the sequence of events just outlined shows sufficient separation to constitute two robberies, first of the purse and subsequently of the bicycle. See Lattimore v. State, 571 So.2d 99 (Fla. 3d DCA 1990), dismissed, 584 So.2d 998 (Fla.1991). Here the defendant took the purse and when the victim first escaped, the defendant did not pick up the bicycle and ride away with it. Instead the defendant threw the bicycle at the victim, continued the struggle, and when the victim escaped a second time, defendant examined the contents of the purse. Only at that point did the defendant pick up the victim's bicycle and ride away with it, leaving his own. We think that the time separation and sequence of events adequately distinguishes the case on which defendant relies, Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992). "[W]here property is stolen from the same owner from the same place by a series of acts, if each taking is a result of a separate independent impulse, it is a separate crime." Brown v. State, 430 So.2d 446, 447 (Fla.1983) (citation omitted). "What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction." Id.
We find no merit to the second point on appeal.
As to the third point, defendant contends that the evidence was insufficient to show that the object the defendant used to strike the victim on the temple was a deadly weapon. The victim testified that while she was pinned on the ground the defendant picked up "a coral rock and hit me in the right temple of my head. Some of the material was loose and it shattered and it went into my eye and into my ear, and I continued to fight." On cross-examination defense counsel asked whether defendant picked up "a piece of what you thought was going to be coral rock, which turned out to be clay, which broke up alongside of your head?" The victim answered yes.
Defendant contends that the object cannot be considered a deadly weapon because it broke up when defendant struck the victim with it. We disagree. The victim described the object as rock, some of which was loose and shattered. The victim is describing a hard object, even though it turned out to be clay. We find no error by the trial court in this case. See State v. Houck, 652 So.2d 359, 360 (Fla.1995); Goswick v. State, 143 So.2d 817 (Fla.1962).
Affirmed.