709 So.2d 157 (1998)
J.M., A Child, Appellant,
v.
STATE of Florida, Appellee.
No. 97-284.
District Court of Appeal of Florida, Fifth District.
March 27, 1998.
James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Belle B. Turner, Assistant Attorney General, Daytona Beach, for Appellee.
W. SHARP, Judge.
J.M. argues on appeal that the trial court erroneously adjudicated and sentenced him on both counts of armed robbery[1] and grand theft[2]. He was found guilty on both counts, adjudicated a delinquent, and sentenced to a Level 10 commitment. We agree that J.M. should not have been adjudicated on the basis of both counts, under the circumstances of this case.
The evidence at trial disclosed, without dispute, that an individual identified as J.M. by Respoli, the victim, stormed into the apartment where Respoli was drinking a beer. J.M. had a BB gun in his hand. He demanded money and the car keys, which Respoli had dangling from his pinky finger. Respoli responded that he had no money. J.M. then grabbed the car keys out of Respoli's hand, ran out the door, and drove off in Respoli's girlfriend's car, a brown Pontiac Respoli had been driving.
The robbery count specifically described the property taken from Respoli during the robbery: "money or other property, to wit: a motor vehicle, vehicle keys...." In the grand theft count, the property taken was described as "a motor vehicle, to wit: Pontiac, the property of James Respoli, as owner or custodian...."
When robbery is accomplished by a defendant entering a residence and taking car keys along with other property and then proceeding immediately to the stolen vehicle, only one taking has occurred. Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981). In Castleberry, we held that because possession of the vehicle was obtained as a product *158 of the same force and fear involved in the robbery, the taking of the car was a lesser included offense of the robbery charge.
In Sirmons v. State, 634 So.2d 153 (Fla. 1994), the Florida Supreme Court held that a defendant cannot be convicted separately for the offenses of armed robbery and grand theft auto because they are merely a degree variance of the same core offense of theft. Id. at 154. Multiple punishments or convictions are not permitted if the offenses in question are degrees of the same offense pursuant to section 775.021(4)(b)2, Florida Statutes (1989). See also Crittenden v. State, 684 So.2d 857 (Fla. 5th DCA 1996), rev. denied, 690 So.2d 1300 (Fla.1997); Ricks v. State, 656 So.2d 633 (Fla. 5th DCA 1995).
Here, the same property was charged as having been taken as a result of both the robbery and the theft (i.e., a motor vehicle and vehicle keys) and there was only one "taking" of that property charged and proven at trial. Thus there was only one crime committed. Accordingly, we quash the less serious felony (grand theft) and affirm the more serious offense (armed robbery) and remand for resentencing.
AFFIRMED in part; REVERSED in part; REMANDED for Resentencing.
COBB and HARRIS, JJ., concur.
NOTES
[1] § 812.13, Fla. Stat. (1995).
[2] § 812.014, Fla. Stat. (Supp.1996).