PER CURIAM.
The record contains competent evidence upon which a jury could find, beyond a reasonable doubt, that the sexual act between the victim and the defendant was nonconsensual. Further, the court’s exclusion of evidence that the victim had successfully escaped an attempted gang assault two years earlier was not an abuse of discretion. See Nelson v. State, 395 So.2d 176 (Fla. 1st DCA 1980) (cross-examination must be shown to be relevant, and determination of relevancy is within the discretion of the trial court); Ray v. State, 262 So.2d 475 (Fla. 3d DCA 1972) (trial court properly excluded immaterial matters from cross-examination).
Finally, the court properly allowed a physician from the Rape Treatment Center to testify, in response to a leading question, that the victim’s injuries were consistent with forced sexual intercourse. See § 90.-703, Fla.Stat. (1981) (testimony in form of opinion or inference is not objectionable because it includes an ultimate issue to be decided by the trier of fact).
Affirmed.