467 So.2d 401 (1985)
Vicki TREES, a Minor, By and Through Her Parents and Next Friends, Jewell and Jerry L. TREES; Jewell Trees and Jerry L. Trees, Individually, Appellants,
v.
K-MART CORPORATION, Town of Lake Park, Florida; Frank Cardinal; Frank Helm; and Paul Friedman, Appellees.
Nos. 82-1592, 82-2060.
District Court of Appeal of Florida, Fourth District.
March 27, 1985.
Rehearing Denied May 8, 1985.
Edna L. Caruso, P.A., and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellants.
Michael B. Davis of Walton, Lantaff, Schroeder & Carson, West Palm Beach, for appellee  K-Mart.
Maureen A. Hackett of Johnston, Sasser, Randolph & Weaver, West Palm Beach, for *402 appellees  Town of Lake Park and Paul Friedman.
HURLEY, Judge.
Vicki Trees, an unsuccessful plaintiff in a false arrest/malicious prosecution suit, appeals from an adverse evidentiary ruling. She contends that the trial court improperly admitted evidence of her participation in a collateral crime. We find that the trial court's decision did not constitute an abuse of discretion and, consequently, we affirm.
Ms. Trees, age 17, worked as a cashier at K-Mart. She was arrested for shoplifting after a shopper was observed switching price tags and gave a statement implicating Ms. Trees in the shoplifting scheme. Ms. Trees was handcuffed and taken from the store in front of co-workers and customers to a waiting police car. At the Lake Park police department she was "booked," fingerprinted and charged with shoplifting. Subsequently, the alleged co-conspirator recanted her statement and the charges against Ms. Trees were dropped. She then instituted suit for false arrest and malicious prosecution. The jury, however, returned a defense verdict and this appeal ensued.
Ms. Trees' principal claim is that the trial court committed reversible error by admitting evidence of a collateral crime, viz., a prior shoplifting. Approximately two years before the K-Mart arrest, Ms. Trees stole a pair of pants from J. Byrons, a store located near K-Mart. She was apprehended by a store security guard and was turned over to the Lake Park police who transported her to the police station. The incident was ultimately resolved by a counseling session with the Division of Youth Services.
Defense counsel asserted that the first shoplifting incident was relevant to the issue of damages. He noted that Ms. Trees was seeking compensation for a stress disorder which, she claimed, was caused by the second shoplifting arrest. Counsel argued that the similarity between the two arrests, coupled with Ms. Trees' admission that she had not suffered from any emotional problems as a result of the first arrest, tended to disprove the present damage claim. Defense counsel said that the jury legitimately could find that because Ms. Trees sustained little or no psychological trauma from the first event, it was likely that she sustained little or no emotional injury from the second event. Plaintiff's counsel objected, arguing that the defense rationale was simply a veiled method for introducing evidence of bad character. Counsel further noted that two psychiatrists in the case  one a witness for the plaintiff, and the other a witness for the defense  agreed that the first arrest had no causal connection with any psychic trauma sustained in the second arrest.
The trial court was unpersuaded by the unanimity of expert opinion, noting that there was sufficient similarity between the two events coupled with other testimony from lay witnesses to permit the jury to disregard the experts' opinion. The court, however, had more difficulty with the question of whether the probative value of the evidence outweighed its potential for unfair prejudice. At first, the court declined to admit the evidence. It altered its ruling only after hearing an extensive proffer of evidence during which Ms. Trees detailed the similarity between the two events and admitted to having suffered no ill effects after the first arrest. Thereafter, on two occasions, the court gave a cautionary instruction on the limited purpose for which the evidence was being received.
The test for admissibility of evidence of collateral crimes is relevance. Heiney v. State, 447 So.2d 210 (Fla.), cert. denied, ___ U.S. ___, 105 S.Ct. 303, 83 L.Ed.2d 237 (1984). Section 90.402, Florida Statutes (1983), provides that "[a]ll relevant evidence is admissible, except as provided by law." "There are, of course, two forms of relevancy: logical and legal. The relevancy of a fact to the issue being tried is ordinarily a question of logic rather than one of law. Consequently, whether a fact at issue is logically relevant is controlled by Section 90.401, stating that `[r]elevant evidence is evidence tending to prove or disprove *403 a material fact.'" Brown v. State, 426 So.2d 76, 88 (Fla. 1st DCA 1983) (citations omitted). A material fact in issue in this case was whether Ms. Trees truly suffered from a stress disorder as a direct and proximate result of the second arrest. That she had undergone an earlier, identical arrest without experiencing significant emotional trauma was logically relevant to disprove her present damage claim.
As noted in Brown, supra, logically relevant evidence "may yet be inadmissible if it is not legally relevant." Id. at 88. "Section 90.403 encompasses the test for legal relevance by requiring that `[r]elevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or needless presentation of cumulative evidence... .'" Id. Here, the trial court initially disallowed the evidence because of concern for unfair prejudice. The court reversed its ruling after a careful study of the similarity between the two events and after considering Ms. Trees' proffered testimony that she had not suffered any ill effects from the first arrest.
The determination of relevancy is within the discretion of the trial court. Ferradas v. State, 434 So.2d 24 (Fla. 3d DCA 1983); Nelson v. State, 395 So.2d 176 (Fla. 1st DCA 1980). Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion. Brown v. United States, 409 A.2d 1093 (D.C.App. 1979); see also Kramas v. Security Gas & Oil, Inc., 672 F.2d 766 (9th Cir.1982), cert. denied, 459 U.S. 1035, 103 S.Ct. 444, 74 L.Ed.2d 600; Miller v. Poretsky, 595 F.2d 780 (D.C. Cir.1978); Rust v. Guinn, 429 N.E.2d 299 (Inc. 1st DCA 1981); see generally Blanco v. State, 452 So.2d 520 (Fla. 1984); Welty v. State, 402 So.2d 1159 (Fla. 1981); Morales v. State, 451 So.2d 941, 943 (Fla. 5th DCA 1984). The record reveals that the trial court engaged in a sensitive analysis of the need for the evidence as proof. The resulting decision to admit the evidence was neither arbitrary nor cursory. Whether, under the facts of this case, the court's ruling struck the proper balance between probative value and unfair prejudice is a matter about which reasonable people could differ. Thus, we conclude that Ms. Trees has failed to demonstrate an abuse of discretion. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
We have carefully reviewed the remaining issues on appeal and find that they are without merit. Accordingly, the judgment is
AFFIRMED.
DELL, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
Hopefully, appellant will obtain favorable review by this state's highest court as, in my view, she has been deprived of her day in court by the trial judge and the majority opinion.
More important, she has effectively been punished unjustly for something she did not do, merely because of something she did two years prior to this episode.
The majority opinion does not recite a number of facts, which facts make the trial judge's decision in this case more oppressive. First, the store's security officer, having charged appellant on the scene with being in cahoots with the party who changed prices on the merchandise, denied his doing so at trial, notwithstanding another store employee witnessed his conduct. Second, the wrongdoer testified at trial she had been intimidated into accusing appellant as being involved. Third, the introduction of the red herring would only be relevant upon the issue of damages; yet it was allowed to taint the question of liability. In short, the jury was permitted to conclude, which it apparently did, "once a shoplifter; always a shoplifter." Once information concerning her previous shoplifting episode was admitted, not only was the defense verdict on the issue of liability *404 inevitable, but appellant's trial attorney could not have erased the black stain placed upon appellant's character if he had been joined at counsel table by Darrow and Houdini.