GLICKSTEIN, Judge,
dissenting.
I would reverse and remand for new trial.
Lora Mapps, the seven-month-old daughter of the appellants (now divorced), died, and her parents sued the attending pediatrician, alleging negligence in his failure to diagnose a Wilms tumor. Testimony showed that survival rate of a stage I Wilms tumor is 100%.
One of the pediatrician’s defenses was that the parents were negligent in failing to monitor the child’s condition upon release from the hospital. The pediatrician testified that he advised the mother to bring the child to his office if, among other things, the baby’s fever rose or appetite diminished. Another defense was that the child’s death was caused not by the tumor but by a terminal cardiac condition called EFE.
Before trial, the parents argued “in li-mine” and sought, unsuccessfully, to keep the pediatrician from presenting evidence to the jury that on August 9, 1985, three and one-half months after the death of their child, the father filed for dissolution of marriage. The pediatrician was also allowed to introduce the amended petition for dissolution, signed by the father, which alleged that the mother was not a fit and proper person to have custody of their surviving child because she was mentally unstable.
The jury returned a verdict, finding the pediatrician 51% negligent and each parent 24.5% negligent.
The petition for dissolution was filed after the child’s tragic death; the allegations by the husband as to the wife alluded to the surviving child, not the deceased child; and the husband — required to testify because the motion in limine was denied— said:
I signed that, sir, but I had an attorney when I filed for that divorce. The way I asked him to represent me he said that I was being too lenient. If I wanted visitation or custody with my child so he felt we needed to use stronger language or whatever in that petition.
[[Image here]]
I didn’t say put this in or put that in. He said we needed something for effective [sic].
[[Image here]]
My only concern — I wanted to see my child, that I had just lost a daughter and everything in my life was gone.
In my judgment, an unfair element was inserted into otherwise legitimate issues between the parties; and the error was harmful. It brought to mind my perception of harmful error in Trees v. K-Mart Corp., 467 So.2d 401 (Fla. 4th DCA 1985) (Glickstein, J., dissenting).