KLEIN, J.
We affirm appellant’s conviction for first-degree premeditated murder. We address one issue she raises: whether the trial court erred in not permitting an expert to render an opinion known as a “psychological autopsy.”, The opinion would have been to the effect that the victim was suicidal. The defendant would then have argued, based on that opinion, that the victim was bringing, about her own death.
Appellant gave a statement to the police which was admitted in evidence. She told the police that she was upset with the victim because her roommate had been injected with an unknown substance by the victim. Appellant believed that the victim was a prostitute and a drug addict who may have had AIDS.
The killing occurred while appellant was giving the victim a ride. Appéllant said she felt a sharp object in her arm while the victim was touching her. Appellant responded by taking a pistol from the victim and shooting the victim in the head, killing her.
Evidence was! introduced at trial that the victim was depressed and had attempted suicide a few months prior to her death. The victim’s reputation in the community was for being dangerous and violent. .She had told various people, including appellant, that she was HIV positive.
The trial court refused to allow a psychologist, William Ryan, testify that it was his opinion that the victim was suicidal. Appellant argues that this was error, relying on Jackson v. State, 553 So.2d 719 (Fla. 4th DCA 1989) in which this court approved admission of a psychological autopsy, describing it as a “retrospective look at an individual’s suicide to try to determine what led that person to choose death over life.”
In Jackson a mother, whose seventeen year-old daughter had committed suicide, was charged with child abuse as a result of the . suicide. The trial court allowed the state to present a psychologist who specialized in suicide. After examining the child’s school records, defendant’s statements and medical records, an incident report of an earlier suicide attempt and other evidence, the psychologist gave an opinion “bounded by reasonable psychiatric certainty ... that the nature of the relationship between the defendant and her daughter was a substantial contributing factor in the daughter’s decision to commit suicide.” Id. at 719. We affirmed, stating:
Having reviewed the record, we are satisfied that the state presented sufficient evidence to establish that psychological autopsy is accepted in the field of psychiatry as a method of evaluation for use in cases involving suicide and that the trial judge acted within his discretion in admitting this evidence at trial. Sections 90.402; 90.403; 90.702; 90.704, Fla. Stat. (1987).
With regard to 'the concerns of the defense that the psychological autopsy was not established as reliable before it *1060 was admitted into evidence, we note that such opinions are subjective and therefore the issue of reliability is best left to the jury.
Id. at 720. It was appellant’s theory that the victim, by sticking her with a sharp object, wanted to provoke appellant into killing her. The psychologist’s opinion that the victim was suicidal would, she argues, have supported that theory.
Appellant has cited no authority other than Jackson as a basis for the admissibility of the psychologist’s opinion in the present case. In Jackson, however, the expert rendered an opinion as to why a child committed suicide, which was directly relevant to whether the victim’s mother was guilty of child abuse.
In the present case, the opinion as to whether the victim was suicidal was relevant, according to appellant, to the issue of whether the appellant was acting in self-defense. She has cited no authority, however, and we have not been able to find any, in Florida or any other jurisdiction, holding that an opinion that a victim of a homicide was suicidal would be admissible under analogous facts.
Under section 90.403, Florida Statutes (1997), even relevant evidence may be “inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury-” See Fleming v. State, 457 So.2d 499 (Fla. 2d DCA 1984)(citing authorities to the effect that the prejudice in admitting testimony about the state of mind of a murder victim may outweigh the probative value). In the present case the trial court carefully considered whether to admit the opinion, but concluded that Jackson, the only authority cited, was distinguishable and that the opinion was not sufficiently relevant under these facts. This was a discretionary call for the trial court, and we find no abuse of discretion. Trees By and Through Trees v. K-Mart, 467 So.2d 401 (Fla. 4th DCA 1985).
We have considered the other issues raised by appellant and find them to be without merit. We therefore affirm.
FARMER and STEVENSON, JJ„ concur.