*39 CIKLIN, J.,
concurring specially.
I wholeheartedly concur with the majority but write separately to underscore the broad discretion afforded to trial courts in these types of matters.
The record reveals that the trial court engaged in a painstaking process with respect to its analysis of Mitsubishi’s proffered demonstrative aids. Had the trial court erred in the manner in which Mitsubishi describes, all of Mitsubishi’s proffered demonstrations would have been indiscriminately excluded in wholesale fashion. This is not what occurred and after extensive consideration — and hours of hearings — the trial court did permit Mitsubishi to present abundant evidence, demonstrative and non-demonstrative alike, much of it over the plaintiffs numerous objections. While the trial court did consider the substantial similarity rule when culling through the proffered evidence, that was but one consideration and ultimately not the basis of its evidentiary rulings. The trial court, when excluding certain photographs, charts and video clips (but yet permitting, for the most part, Mitsubishi’s experts to verbally describe the content of these audio visual devices), cited “the overwhelming possibility of misleading the jury.”
All relevant evidence must successfully pass through the gate of section 90.403, Florida Statutes, before being presented to the jury. Indeed, section 90.403 renders otherwise relevant evidence inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or the possibility that the jury may be misled. When raised as an issue, the trial court is required to weigh the logical strength of the proffered evidence to prove the material fact or issue against the other facts in the record and balance it against the strength of the reason for exclusion. In both a pretrial hearing on a motion in limine and again at the time of trial, the lower court ultimately ruled that due to the “overwhelming possibility of misleading the jury” there was a need to exclude certain Mitsubishi demonstrative evidence.
Overall, broad discretion rests with the trial court in matters relating to the admissibility of relevant evidence and that ruling will not be overturned absent a clear abuse of discretion. As noted by this court in Trees v. K-Mart Corp., 467 So.2d 401, 403 (Fla. 4th DCA 1985):
The determination of relevancy is within the discretion of the trial court. Ferradas v. State, 434 So.2d 24 (Fla. 3d DCA 1983); Nelson v. State, 395 So.2d 176 (Fla. 1st DCA 1980). Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion. Brown v. United States, 409 A.2d 1093 (D.C.App.1979); see also Kramas v. Security Gas & Oil, Inc., 672 F.2d 766 (9th Cir.1982), cert. denied, 459 U.S. 1035, 103 S.Ct. 444, 74 L.Ed.2d 600; Miller v. Poretsky, 595 F.2d 780 (D.C.Cir.1978); Rust v. Guinn, 429 N.E.2d 299 (1981); see generally Blanco v. State, 452 So.2d 520 (Fla.1984); Welty v. State, 402 So.2d 1159 (Fla.1981); Morales v. State, 451 So.2d 941, 943 (Fla. 5th DCA 1984).
“The weighing of relevance versus prejudice or confusion is best performed by the trial judge who is present and best able to compare the two.” Sims v. Brown, 574 So.2d 131, 133 (Fla.1991).
As this court concluded in Trees, “[wjhether, under the facts of this case, the court’s ruling struck the proper balance between probative value and unfair prejudice is a matter about which reason *40 able people could differ.” 467 So.2d at 403.
Simply put, the trial court sensitively balanced the relevance of Mitsubishi’s demonstrative aids against the danger of unfair prejudice and confusion and made the right calls — or at least made the calls that were best performed by the person wearing the boots on the ground.
“[Ujnder the abuse of discretion standard of review there will be occasions in which we affirm the [trial] court even though we would have gone the other way had it been our call.” Rasbury v. Internal Revenue Serv. (In re Rasbury), 24 F.3d 159, 168 (11th Cir.1994)_ Given our deferential standard of review, however, we cannot say that the [trial] court’s decision fell outside its permissible “range of choice.” United States v. Kelly, 888 F.2d 732, 745 (11th Cir.1989).
Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315-16 (11th Cir.2005).