# Third District Court of Appeal

## State of Florida

Opinion filed November 5, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0741
Lower Tribunal No. 19-26272-CA-01
_____


**Mayvis Gonzalez,**
Appellant,

vs.

**Jim Manesh and Mimi Manesh,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Florida Advocates, and Carlos D. Cabrera (Dania Beach), for appellant.

The Law Office of Warren B. Kwavnick, PLLC, and Warren B. Kwavnick (Pembroke Pines), for appellees.

Before FERNANDEZ, LINDSEY and GOODEN, JJ.

PER CURIAM.

Affirmed.   See § 90.403, Fla. Stat. (2024) ("Relevant evidence is inadmissible if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading the jury, or needless presentation of cumulative evidence."); Sims v. Brown, 574 So. 2d 131, 133 (Fla. 1991) ("The weighing of relevance versus prejudice or confusion is best performed by the trial judge who is present and best able to compare the two."); Trees v. K-Mart Corp., 467 So. 2d 401, 403 (Fla. 4th DCA 1985) ("The determination of relevancy is within the discretion of the trial court. Where a trial court has weighed probative value against prejudicial impact before reaching its decision to admit or exclude evidence, an appellate court will not overturn that decision absent a clear abuse of discretion.") (citation omitted); see also Flores v. Miami-Dade Cnty., 787 So. 2d 955, 958 (Fla. 3d DCA 2001) ("Partiality, or any acts, relationships or motives reasonably likely to produce it, may be proved to impeach credibility.") (citing McCormick on Evidence § 39 at 58–59 (5th ed. 1999)).