WIGGINTON, Judge.
This appeal is before us from an order denying Owen’s rule 1.540 motion to vacate an earlier order of forfeiture. We affirm.
On July 9, 1982, a 1976 Lincoln Continental Mark IV, registered to Owen, was seized by the Bay County Sheriff’s Office for its use in a narcotics transaction, in violation of sections 932.701-932.704, Florida Statutes (1981). A petition for forfeiture of the automobile, or for Rule to Show Cause, was filed by the State on December 16, 1982. Following a hearing held on December 27, 1982, at which Owen appeared with his attorney, the car was ordered forfeited on January 5, 1983, by order apparently erroneously dated December 5, 1982.
Owen was incarcerated from at least the beginning of 1983 until November 30,1984. *454 On October 14, 1984, he filed a motion for relief from judgment pursuant to rule 1.540(b), Florida Rules of Civil Procedure, one of the bases being that he never received notice of the January 5, 1983 order of forfeiture, thereby losing his opportunity to appeal. According to Owen, it was not until September 2, 1983, when he received a letter from the trial judge in response to his own letter, that he was informed of the order of forfeiture. The letter does not indicate whether a copy of the order was attached.[1]
The State responded to Owen’s 1.540(b) motion on February 13, 1985, arguing mainly the untimeliness of the motion in light of the fact that it was filed well beyond the dated January 5, 1983 order of forfeiture. Although a hearing was supposedly scheduled on Owens’ motion, two days following the service of the State’s response the trial court ordered that the requested relief be denied. Owen received both the order and the State’s response on February 15, 1985.
Owen’s major contention on appeal centers around the essentially unrefuted fact that he never received a copy of the order of forfeiture. Owen argues that by that omission, he was denied the right to appeal the order and sets forth two points challenging the order. On the other hand, the State counters that Owen’s motion is untimely. The State points out that it was filed not only beyond one year from the date the order of forfeiture was filed, but also beyond one year from September 2, 1983, when appellant received the letter from the trial judge.
Rule 1.540 serves as a mechanism to correct inadvertent decisions which are the result of oversight, neglect, or accident, or to correct mistakes made in the ordinary course of litigation. Pompano Atlantis Condominium Association, Inc. v. Merlino, 415 So.2d 153 (Fla. 4th DCA 1982); see also Pruitt v. Brock, 437 So.2d 768 (Fla. 1st DCA 1983). A trial court’s disregard of rule 1.080(h)(1), Florida Rules of Civil Procedure, providing for a copy of all orders or judgments to be transmitted to all parties by the court, has been held to constitute grounds for the liberal application of rule 1.540(b), whereby the court may vacate the order and enter a new order providing for an avenue of appeal. Gibson v. Buice, 381 So.2d 349 (Fla. 5th DCA 1980); Woldarsky v. Woldarsky, 243 So.2d 629 (Fla. 1st DCA 1971); but cf. Town of Hialeah Gardens v. Hendry, 376 So.2d 1162 (Fla.1979).
The problem in the instant case, however, is that appellant’s motion was filed not only beyond one year from the entry of the forfeiture order, but beyond one year from when Owen received the trial judge’s letter notifying him that the order of forfeiture had been entered. Although the holding in Gibson v. Buice strongly emphasizes the need for compliance with rule 1.080(h)(1), that holding centered on casual remarks made between attorneys concerning an order and viewed them as being no substitute for the formal notice requirements in the rule. With that conclusion we cannot disagree. However, we are willing to accord far more authority to the trial judge’s letter herein; and, although we do not condone a casual approach to rule 1.080(h)(1), we hold the letter to constitute sufficient notice for purposes of rule 1.540 time limitations. We reach this decision keeping in mind that Owen was present at the forfeiture hearing with his attorney. Accordingly, we hold that upon his receipt of the letter it was incumbent upon Owen to pursue the rule 1.540 *455 remedy within one year.[2] Since he did not do so, his motion for relief was untimely and properly denied.
AFFIRMED.
ERVIN, J., and McCORD, GUYTE P., Jr. (Ret.), Associate Judge, concur.

. The letter received by Owen stated as follows:
Mr. Harold Owen
5-A-314 Harmon Avenue
Panama City, FI 32401
Dear Mr. Owen:
I have your letter of August 29, 1983.
A review of your file reveals that on the 5th day of December, 1982, I entered an order of forfeiture of one 1976 Lincoln Mark IV automobile. You had thirty days from that date within which to appeal if you wished to do so.
I no longer have jurisdiction of the case.
Sincerely yours,
/S/ W. Fred Turner
W. FRED TURNER
WFT:mw

. There has been no showing of fraud sufficient to circumvent the one-year limitation.