487 So.2d 407 (1986)
Paul C. HAMILTON, Appellant,
v.
The STATE of Florida, Appellee.
No. 84-1098.
District Court of Appeal of Florida, Third District.
April 29, 1986.
Bennett H. Brummer, Public Defender, and Julian S. Mack and Loren H. Cohen, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Julie S. Thornton and Richard Doran, Asst. Attys. Gen., for appellee.
Before HUBBART, NESBITT and JORGENSON, JJ.
PER CURIAM.
We find no error in the trial court's finding below that the prosecuting attorney *408 did not use his peremptory jury challenges in a racially discriminatory manner, based on the legal principles established in State v. Neil, 457 So.2d 481, 486, 487 n. 10 (Fla. 1984). The record demonstrates that the defendant Paul Hamilton is black, that he was tried by an all-white jury, and that three black jurors were excused peremptorily  one by the defense and two by the state. A black juror, in fact, served as an alternate juror in the case. We see no basis to upset the trial court's finding that, on this record, there was no indication that the state was using its peremptory challenges in a racially discriminatory manner. This being so, a Neil inquiry by the trial court into the state's reasons for exercising its peremptory challenges against the two black jurors herein was entirely unnecessary. The final judgment of conviction and sentence for robbery is therefore affirmed. See Neil v. State, supra; Jorgenson, Back to the Laboratory with Peremptory Challenges: A Florida Response, 12 Fla.St.U.L. Rev. 559, 568-70 (1984).
The grand theft conviction, however, must be reversed because it merges, for double jeopardy purposes, with the robbery conviction. The record affirmatively demonstrates that the defendant held up the victim at gunpoint and stole the victim's cash and automobile  all in a single transaction. One robbery was therefore committed  not a grand larceny of the automobile and a robbery of the cash as adjudicated below. See Castleberry v. State, 402 So.2d 1231, 1232 (Fla. 5th DCA 1981), pet. for review denied, 412 So.2d 470 (Fla. 1982); McClendon v. State, 372 So.2d 1161, 1162 (Fla. 1st DCA 1979); see generally Brown v. State, 430 So.2d 446, 447 (Fla. 1983).
The remaining point on appeal has no merit. The final judgment of conviction and sentence for robbery is affirmed. The final judgment of conviction and sentence for grand larceny is reversed and the cause is remanded to the trial court with directions to discharge the defendant as to this conviction only.
Affirmed in part; reversed in part.