665 So.2d 328 (1995)
Ellis R. MASON, Appellant,
v.
STATE of Florida, Appellee.
No. 94-2732.
District Court of Appeal of Florida, Fifth District.
December 22, 1995.
James B. Gibson, Public Defender, and Daisy G. Clements, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Carmen F. Corrente, Assistant Attorney General, Daytona Beach, for Appellee.
DAUKSCH, Judge.
This is an appeal from convictions for aggravated battery, carjacking, kidnapping, armed robbery and aggravated assault.
Among the issues on appeal is the question of whether the aggravated battery charge was proved. The evidence is that appellant put a gun to the neck of the victim, touching her. Battery is defined as

*329 784.03 Battery. 
(1) A person commits battery if he:
(a) Actually and intentionally touches or strikes another person against the will of the other;
Aggravated battery is
784.045 Aggravated battery. 
(1)(a) A person commits aggravated battery who, in committing battery:
* * * * * *
2. Uses a deadly weapon.
Because appellant used a deadly weapon in committing the battery, it is aggravated battery.
Another issue involves the carjacking[1] conviction vis-a-vis the robbery conviction. Appellant asserts that the armed robbery[2]  the taking of money  and the carjacking should be combined into one robbery because carjacking is a form of robbery and both robberies merged together under the facts of this case. We disagree. There were two separate crimes committed. First the taking of the money and then the carjacking  the taking of the car. They are separate crimes and the commission of them occurred separately. If appellant had carjacked and there was money in the car then he could have been charged only with one robbery, or the carjacking. But here the two occurred independent of each other and at different times, although in a course of conduct which included the kidnapping and the other crimes.
The third issue regards the imposition of an habitual offender sentence on the kidnapping charge. Because kidnapping is a life felony, it cannot be enhanced to habitual offender status. §§ 775.084(4)(b) and 775.087(1)(a), Fla. Stat. (1993); Houck v. State, 637 So.2d 298 (Fla. 1st DCA 1994); Larry v. State, 616 So.2d 603 (Fla. 2d DCA 1993); Hayes v. State, 598 So.2d 135, 136 (Fla. 5th DCA 1992). That sentence is vacated and remanded for resentencing.
The final issue involves the viability of the aggravated assault conviction. During the course of the crimes the victim begged appellant not to kill her; while holding the gun he said he was going to kill her. The statute says
784.011 Assault. 
(1) An "assault" is an intentional, unlawful threat by word or act to do violence to the person of another coupled with an apparent ability to do so, and doing some act which creates a well-founded fear in such other person that such violence is imminent.
It is evident from the record that the victim was in fear based upon the well-founded belief appellant was about to kill her. That is aggravated assault because he used a gun, a deadly weapon. § 784.021, Fla. Stat. (1993).
CONVICTION AFFIRMED; SENTENCE VACATED in part; REMANDED.
COBB and ANTOON, JJ., concur.
NOTES
[1] § 812.133, Fla. Stat. (1993).
[2] §§ 812.13(1) & (2)(a), Fla. Stat. (1993).