723 So.2d 863 (1998)
Gary Lamar HOWARD, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3933.
District Court of Appeal of Florida, First District.
November 30, 1998.
Rehearing Denied January 8, 1999.
*864 Nancy A. Daniels, Public Defender, Phil S. Patterson, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General, Daniel A. David, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Gary Howard appeals his convictions for armed robbery and armed carjacking on the ground of double jeopardy, contending that only one robbery occurred, during which the victim was forced to relinquish his automobile, wallet and jewelry. We disagree and affirm, finding that Howard committed two separate offenses.
On December 29, 1996, Terry Hill drove up to the drive-through window at a McDonald's restaurant, and while waiting in line, a man he later identified as Howard pointed a gun at him through the car window and ordered him to open the door and slide over to the passenger side. Hill complied. Howard sped from the parking lot and, while holding the gun to Hill's neck, took Hill's cash, a wedding band and a bracelet. After driving two blocks, Howard let Hill out of the car, and he was apprehended within an hour.
Section 812.13(1), Florida Statutes (1995), defines robbery as
the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.
(Emphasis added.) Section 812.133(1), Florida Statutes (1995), defines carjacking nearly identically, replacing the emphasized language with the words "a motor vehicle." Section 775.021(4)(a), Florida Statutes (1995), precludes multiple convictions when one offense contains all the elements necessary to another, but that provision applies to convictions under different statutes based upon the same underlying act. Section 775.021(4)(b), however, provides that "each criminal offense committed in the course of one criminal episode or transaction" warrants a separate conviction. (Emphasis added.)
Howard relies upon Sirmons v. State, 634 So.2d 153, 154 (Fla.1994), wherein the court concluded that grand theft auto and armed robbery based upon the theft of a single car were not two offenses, but instead were "merely degree variants of the core offense of theft." Howard also cites Hamilton v. State, 487 So.2d 407 (Fla. 3d DCA 1986), wherein the court held that dual convictions for grand theft and robbery constituted double jeopardy, once the evidence showed that Hamilton held up the victim with a gun and stole his cash and his car. The court stated, however, that Hamilton robbed the victim of his money and automobile "all in a single transaction," id. at 408, presumably meaning "at the same time."
In contrast to Sirmons and Hamilton, the case at bar involved two discrete offenses: taking the victim's car at gunpoint, and shortly thereafter, while in a different location, taking his personal effects. Similarly, in Smart v. State, 652 So.2d 448 (Fla. 3d DCA 1995), the court affirmed convictions for armed robbery and armed carjacking upon evidence showing that Smart robbed his victim of jewelry and his wallet next to an ATM machine, and then drove away in the victim's car. The Fifth District reached the same result in Mason v. State, 665 So.2d 328 (Fla. 5th DCA 1995), where the evidence disclosed that the defendant robbed the victim of money and then took his car. See also McKinney *865 v. State, 579 So.2d 80 (Fla.1991) (rejecting a double-jeopardy argument based upon evidence that the defendant shot the victim and took his cargrand theftthen dumped the victim, minus his wallet and watch robberywhich the court stated were different acts); Waters v. State, 542 So.2d 1371 (Fla. 3d DCA 1989) (concluding that when the defendant obtained the victim's watch and money by fearrobberyand then drove off in the victim's car after the victim fledgrand thefthe committed two acts rather than one).
AFFIRMED.
ERVIN, MINER and ALLEN, JJ., CONCUR.