728 So.2d 792 (1999)
Robert SIMBOLI, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1452
District Court of Appeal of Florida, Fifth District.
February 26, 1999.
Rehearing Denied March 26, 1999.
*793 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
ORFINGER, M., Senior Judge.
Appellant was convicted on one count of robbery[1] and another count of carjacking.[2] He was sentenced to life imprisonment on the carjacking charge, pursuant to the "violent career criminal" portion of the habitual offender statute, and to thirty years concurrent on the robbery charge, as an habitual offender pursuant to section 775.084(4)(b), Florida Statutes, and as a prison release reoffender pursuant to section 775.083, Florida Statutes.
Appellant contends first that convictions for both offenses violate double jeopardy principles, citing J.M. v. State, 709 So.2d 157 (Fla. 5th DCA 1998), and next, that the trial court erred in imposing a life sentence under the misconception that a life sentence was mandatory. Finding no error as to either point, we affirm.
Appellant was a passenger in a taxicab. According to the driver's testimony, when they reached appellant's requested destination, appellant demanded the driver's money and threatened to stab him if he didn't comply. After the driver turned over his cash, appellant then had the driver empty his pockets to see if he held any money back, and then forced the driver out of the cab and drove away with it. The state correctly argues that under these facts, two crimes were committed, not just one as contended by appellant. See Mason v. State, 665 So.2d 328 (Fla. 5th DCA 1995) (where robbery occurs first then carjacking, two separate crimes are committed, independently of each other). See also, Smart v. State, 652 So.2d 448 (Fla. 3d DCA), rev. denied, 660 So.2d 714 (Fla. 1995) (robbery of victim's wallet and jewelry and then his car constitutes two separate crimes under separate statutes).
J.M. v. State, 709 So.2d 157 (Fla. 5th DCA 1998), cited by appellant, is distinguishable on its facts. There, the robbery count described the property taken as "money or other property, to wit: a motor vehicle, vehicle keys...." In the grand theft count, the property taken was described as "a motor vehicle...." The court held that where the same property was described as having been taken as a result of the robbery and theft, only one "taking" of that property was charged and proven at trial, thus only one crime committed. These are not the facts before us now.
In his second point, appellant argues that the trial judge sentenced him to life imprisonment on the carjacking charge under the misconception that a life sentence was mandatory. The record reveals, and the court found, that appellant met the criteria as a "violent career criminal" as described in *794 section 775.084(1)(c), Florida Statutes (Supp. 1996). That section defines a "violent career criminal" as a defendant for whom the court must impose imprisonment pursuant to section (4)(c) of the statute upon making the requisite findings. The court made those findings. Section (4)(c) states that the court, after following the prescribed procedure, shall sentence the violent career criminal to life in the case of a life felony or a felony of the first degree. The statute permits the trial court to deviate from these required sentences if the court finds that such sentence is not necessary for the protection of the public.
Appellant points to this statement by trial court:
THE COURT: The legislative sentencing scheme has come down the pike in the past five years as far as taking away discretion from judges, and I guess the legislature feels we don't know what is going on in the courtroom. We're not capable of doing the right thing, or we can't tailor a sentence to fit the circumstances. In this particular circumstance I don't think a life sentence is necessarily the appropriate sentence, but I'm going to tell you, Mr. Simboli, I don't have any option. That is the problem... I will put on here I don't feel life is the proper remedy in this case, but they give me a laundry list. I check off that laundry list just like the legislature tells me and I sentence you. I think you certainly should go away for thirty years. I don't think you should go away for life, but when the State fulfills the statutory requirement as they are entitled to, and the legislature has mandated, then I am duty bound to do what I have sworn to do which is uphold the laws of the State of Florida.
as an indication that the trial court misconceived the sentencing options. However, at sentencing, the prosecutor made it clear to the court that the only reason a life sentence would not be mandatory would be if the court found such sentence not necessary for the protection of the public, and defense counsel requested the court to make a finding that such sentence was not necessary for the protection of the public. No such finding was made. We can only conclude that the statement alluded to above was a lament that judicial discretion in sentencing was being slowly eroded by legislative mandates. Nevertheless, the trial court recognized its obligation to comply with the law. It could have exercised its sentencing discretion had it found that the life sentence was not necessary for the protection of the public, but made no such finding, albeit clearly aware of its ability to do so.
AFFIRMED.
GRIFFIN, C.J. and THOMPSON, J.J., concur.
NOTES
[1] §§ 812.133(1), 812.133(2)(b), Fla. Stat. (1997).
[2] §§ 812.13(1), 812.13(2)(c), Fla. Stat. (1997).