743 So.2d 1221 (1999)
Michael CONSIGLIO, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3528.
District Court of Appeal of Florida, Fourth District.
November 17, 1999.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James J. Carney, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, C.J.
We affirm appellant's convictions for carjacking and robbery against his claim that conviction of both violates double jeopardy, as we conclude that the evidence supports two separate acts and separate property. While beating the victim, appellant first demanded the keys to the victim's car after his accomplice jumped in the vehicle and noticed the keys were not inside. The victim reached into her pocket and gave appellant the keys. During the beating, appellant demanded that the victim give him money. She complied. At that point the robbery was complete. Subsequently, the appellant drove off in the victim's car, completing the offense of carjacking.
As the supreme court stated in Brown v. State, 430 So.2d 446, 447 (Fla. 1983), "[w]hat is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction." While the temporal separation was very minimal in this case, there were two separate acts: (1) an intent and act to steal money from the victim; and (2) an intent and act to steal the victim's car. See, e.g., Simboli v. State, 728 So.2d 792, 793 (Fla. *1222 5th DCA 1999), rev. denied, 741 So.2d 1137 (Fla.1999); Mason v. State, 665 So.2d 328, 329 (Fla. 5th DCA 1995). Conviction for both crimes under these circumstances does not violate principles of double jeopardy.
DELL and STONE, JJ., concur.