751 So.2d 659 (1999)
Darris TAYLOR, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2840.
District Court of Appeal of Florida, Fifth District.
December 30, 1999.
Rehearing Denied February 22, 2000.
*660 James B. Gibson, Public Defender, and Nancy Ryan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Kristen L. Davenport, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Darris Antonio Taylor ["Taylor"] appeals his convictions for robbery with a firearm, grand theft of a motor vehicle and grand theft.
On October 2, 1997, Vasant Kumar Patel was working in a convenience store when he was robbed by a lone gunman. At trial, Patel, the victim, testified that Taylor entered his convenience store on October 2, 1997 at approximately 12:15 p.m. and asked for the price of Newport cigarettes. Patel told him they cost $2 per pack. Taylor left the store without buying any cigarettes and walked over towards Popeye's. However, he came back a few minutes later, walked in the door, and said he would take two packs of cigarettes. Patel got the cigarettes. Taylor continued walking toward the cooler and asked Patel where the Natural Light beer was located. Patel then went over to the cooler to show Taylor where he could find the beer. As Patel walked back toward the register, Taylor pulled out a gun, pointed it at Patel, and told him to hand him his car keys. Patel complied. Taylor then put Patel inside the cooler. After several minutes, Taylor came back and took Patel out of the cooler, and told Patel that he wanted him to open the register. Patel opened the register and handed Taylor the money. Taylor then made him open a drawer which contained four money deposit bags. Taylor took all four bags, after finding money in the first bag which Patel opened. Patel testified that Taylor then directed him towards the cooler once more. Taylor asked him if he had any more money or jewelry. Patel asked to keep his wedding ring and showed Taylor his wallet, which was empty. Taylor then put Patel back in the cooler, locked the door and fled in Patel's car. Police broadcast a BOLO shortly after the robbery, which resulted in Taylor's apprehension in an area approximately 1½ miles from the convenience store. A gun and several of the items taken during the robbery were found on the ground nearby. The car was later found parked in a field approximately a quarter of a mile from where Taylor was apprehended.
Patel positively identified Taylor in a show-up which took place approximately an hour after the robbery. Taylor was then interviewed by police. During the interview, he apparently confessed that he had committed the robbery, but he stated that a second man named James Jones had also participated in the robbery.
Taylor's conviction for robbery with a firearm was based on allegations that Taylor had taken "United States money current, checks, keys and cigarettes" from Patel. These same items were the basis of the grand theft charge.
Taylor contends on appeal that his convictions for grand theft and grand theft *661 auto must be vacated, because they are "subsumed" in the charged robbery. He appears to be correct that double jeopardy precludes dual convictions for "robbery and theft based upon the same act of taking the same property by force." Crittenden v. State, 684 So.2d 857 (Fla. 5th DCA 1996), review denied, 690 So.2d 1300 (Fla.1997); see also Sirmons v. State, 634 So.2d 153 (Fla.1994). We accordingly reverse Taylor's conviction for grand theft, since it is based on the taking of the same property involved in the armed robbery charge.
A closer issue is whether Taylor's conviction for theft of the motor vehicle should be vacated, given his conviction for armed robbery, based on the principles announced in J.M. v. State, 709 So.2d 157 (Fla. 5th DCA 1998). In J.M., the court found that dual convictions for robbery and grand theft auto were improper where both charges were based on an incident in which the defendant had snatched some keys from the victim's hand, ran out the door, and drove off in the victim's girlfriend's car. In finding that the dual convictions for robbery and grand theft were improper because only "one crime" had been committed, this court explained:
When robbery is accomplished by a defendant entering a residence and taking car keys along with other property and then proceeding immediately to the stolen vehicle, only one taking has occurred. Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981). In Castleberry, we held that because possession of the vehicle was obtained as a product of the same force and fear involved in the robbery, the taking of the car was a lesser included offense of the robbery charge.
In Sirmons v. State, 634 So.2d 153 (Fla.1994), the Florida Supreme Court held that a defendant cannot be convicted separately for the offenses of armed robbery and grand theft auto because they are merely a degree variance of the same core offense of theft. Id. at 154. Multiple punishments or convictions are not permitted if the offenses in question are degrees of the same offense pursuant to section 775.021(4)(b)2, Florida Statutes (1989). See also Crittenden v. State, 684 So.2d 857 (Fla. 5th DCA 1996), rev. denied, 690 So.2d 1300 (Fla. 1997); Ricks v. State, 656 So.2d 633 (Fla. 5th DCA 1995).
Here, the same property was charged as having been taken as a result of both the robbery and the theft (i.e., a motor vehicle and vehicle keys) and there was only one "taking" of that property charged and proven at trial. Thus there was only one crime committed.
Id. at 157-158. The holding in J.M. was based in large part on Castleberry v. State, 402 So.2d 1231 (Fla. 5th DCA 1981), review denied, 412 So.2d 470 (Fla.1982).
Cases such as J.M. and Castleberry suggest that a defendant who steals car keys and other property during the course of a robbery, and who then later takes the victim's car without any additional act of violence, can be convicted only of a single count of robbery and cannot be separately convicted for the theft of the vehicle. Similarly, in Hamilton v. State, 487 So.2d 407 (Fla. 3d DCA 1986), the court reversed the defendant's conviction for grand theft, where the defendant had also been convicted of robbery for holding the victim up at gunpoint and stealing "the victim's cash and automobileall in a single transaction." Id. at 408. The court reasoned that only one crime had been committed, explaining:
The grand theft conviction, however, must be reversed because it merges, for double jeopardy purposes, with the robbery conviction. The record affirmatively demonstrates that the defendant held up the victim at gunpoint and stole the victim's cash and automobile all in a single transaction. One robbery was therefore committednot a grand larceny of the automobile and a robbery of the cash as adjudicated below. See *662 Castleberry v. State, 402 So.2d 1231, 1232 (Fla. 5th DCA 1981), pet. for review denied, 412 So.2d 470 (Fla.1982); McClendon v. State, 372 So.2d 1161, 1162 (Fla. 1st DCA 1979); see generally Brown v. State, 430 So.2d 446, 447 (Fla. 1983).
Id. at 408. See also Butler v. State, 711 So.2d 1183 (Fla. 1st DCA 1998) (vacating one of two convictions for armed robbery, where undisputed evidence disclosed that property of the convenience store and property of the store's employee was taken from the employee during one continuous episode), approved, 735 So.2d 481 (Fla. 1999); Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992) (vacating one of two convictions for armed robbery because taking money from a cash register and then beating the clerk and taking his wallet were parts of one "comprehensive transaction to confiscate the sole victim's property").
The state relies largely on the principles stated in Brown v. State, 430 So.2d 446 (Fla.1983), in which the court stated that the question of whether multiple robberies have occurred is controlled by the question of whether there have been "successive and distinct forceful takings with a separate and independent intent for each transaction." Id. at 447. In Brown, the court reasoned:
In this case the money taken by the defendant belonged to a single owner, but it was taken by force, violence, assault, or putting in fear from two separate employees. The taking was from separate cash registers, over the second of which the first employee had no control. The two events were separated in time and each required separate criminal intent. Actual ownership of the money obtained is not dispositive of the question of whether multiple robberies have been committed. What is dispositive is whether there have been successive and distinct forceful takings with a separate and independent intent for each transaction.

In Joseph v. State, 316 So.2d 585 (Fla. 4th DCA 1975), the defendant had been convicted of breaking and entering a dwelling house while armed with intent to commit a robbery, robbery, and larceny of a motor vehicle. On appeal, the defendant argued that his convictions for robbery and larceny of a motor vehicle violated double jeopardy. The court disagreed, explaining:
Appellant committed three separate and distinct crimes each complete in itself and related to the others only in that the several crimes involved the same victims and occurred on the same date. While armed, appellant broke and entered a dwelling house with an intent to commit robbery. That offense was complete upon the breaking and entering with the requisite intent. Appellant thereafter robbed the occupants of the dwelling. Upon leaving the house appellant stole the owners' motor vehicle which was parked on the premises. Each offense was separate and distinct and justified a separate sentence. See, Estevez v. State, Fla.Sup.Ct., 313 So.2d 692, opinion filed February 26, 1975; Pettigrew v. State, 295 So.2d 672 (4th DCA Fla. 1974); White v. State, 274 So.2d 6 (4th DCA Fla.1973); State v. Conrad, 243 So.2d 174 (4th DCA Fla.1971).
Id. at 586. See also Mason v. State, 665 So.2d 328 (Fla. 5th DCA 1995).
In this case, it appears there was a sufficient temporal and spacial break. Under these facts, Taylor was properly convicted of both robbery and grand theft auto, despite the fact that the property was owned by a single victim and was taken in the course of a single criminal episode.
AFFIRMED in part; and REVERSED in part.
DAUKSCH, GOSHORN and GRIFFIN, JJ., concur.