774 So.2d 722 (2000)
Allems VICTOR, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D99-3041.
District Court of Appeal of Florida, Third District.
August 16, 2000.
Rehearing Denied January 10, 2001.
Bennett H. Brummer, Public Defender, and Dorothy F. Easley, Special Assistant Public Defender, for appellant.
Robert A. Butterworth, Attorney General, and Regine Monestime Assistant Attorney General, for appellee.
Before COPE, LEVY and GERSTEN, JJ.
COPE, J.
Allems Victor appeals after conviction on multiple criminal charges. We affirm in part and vacate in part.
*723 Defendant-appellant Victor contends that it was a double jeopardy violation to convict him of both armed carjacking and armed robbery. He argues that one of the two convictions must be vacated. The trial court correctly rejected this claim.
The defendant and a codefendant, Troy Lamont Poller, went to a "lover's lane" and saw a couple parked in a car. The defendant and codefendant took over the car at gunpoint and drove it (with the two victims) to a bank. One of the victims had an automatic teller card. They forced him to leave the car and withdraw money from the automatic teller machine. They drove back to the lover's lane with both victims where they forced the male victim out of the car and sexually assaulted the female victim. The jury convicted the defendant of armed robbery of the money withdrawn from the automatic teller machine, and armed carjacking of the automobile.[1]
Defendant argues that he could not be convicted of both armed robbery and armed carjacking. He contends that the taking of the car was for the purpose of going to the automatic teller machine to steal the victim's money, and that the takings of the car and the money should be viewed as a single crime. We disagree.
On this type of double jeopardy claim, the ultimate inquiry is to ascertain the legislative intent. See Missouri v. Hunter, 459 U.S. 359, 366-69, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). The applicable statute states, "Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense...." § 775.021(4)(a), Fla. Stat. (1997). "The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction...." Id. § 775.021(4)(b). There are statutory exceptions to this rule, see id., but none is applicable here.
The offense of carjacking is "the taking of a motor vehicle ... with intent to either permanently or temporarily deprive the person or the owner of the motor vehicle, when in the course of the taking there is the use of force, violence, assault, or putting in fear." Id. § 812.133(1). The defendant committed carjacking at the lover's lane when he and the codefendant took the vehicle at gunpoint. Later, upon reaching the automatic teller machine, defendant and the codefendant stole the victim's money. See id. § 812.13(2)(a).
The two takings at issue here were two separate acts, separated by time and place. It was proper to convict the defendant of both. As the First District Court of Appeal said in a similar situation, "the case at bar involved two discrete offenses: taking the victim's car at gunpoint, and shortly thereafter, while in a different location, taking his personal effects." Howard v. State, 723 So.2d 863, 864 (Fla. 1st DCA 1998); see Marion v. State, 674 So.2d 878, 879 (Fla. 3d DCA 1996); see also Brown v. State, 430 So.2d 446, 447 (Fla.1983) ("The two events were separated in time and each required separate criminal intent.").
The defendant requests that we certify direct conflict with Ward v. State, 730 So.2d 728 (Fla. 1st DCA 1999), but we decline to do so, for there is no conflict. In Ward, the victim was in a shopping center parking lot where she opened her car door and placed her purse inside. The perpetrators demanded her keys and money and drove away in the car. The defendant was convicted of armed robbery of the purse and armed carjacking of the automobile. The First District concluded that, on those facts, there had been a single taking and that one of the two convictions must be vacated. See id. at 729-30.[2]
*724 As already explained, the First District in Howard took a different view where, as here, the defendant first took "the victim's car at gunpoint, and shortly thereafter, while in a different location, [took] his personal effects." 723 So.2d at 864. On those facts the First District upheld separate convictions for armed carjacking of the automobile and armed robbery of the victim's personal property. We agree with the Howard decision and follow it in the case now before us.
The defendant also argues that one of the two convictions must be vacated on account of Fraley v. State, 641 So.2d 128 (Fla. 3d DCA 1994), and Nordelo v. State, 603 So.2d 36 (Fla. 3d DCA 1992). Those cases do not support the defendant's position.
In Nordelo, the defendant held up a convenience store. He was convicted of two counts of armed robbery, one for stealing the money from the cash register and the other for stealing the store clerk's wallet. This court concluded that there was a single taking and directed that one count of armed robbery be vacated. The same occurred in Fraley. See 641 So.2d at 129. Those cases do not apply here, where the armed carjacking and armed robbery were separated by time and place.
Defendant next contends that there is an error relating to the sexual battery offense of which he was convicted. While our analysis differs from that of the defendant, we agree that there was an inadvertent error in the trial court, which must be corrected.
The defendant was charged with committing a sexual battery during which he used or threatened to use a deadly weapon, in violation of subsection 794.011(3), Florida Statutes (1997). The jury did not convict the defendant on this charge but instead convicted him of the lesser included offense of sexual battery in violation of subsection 794.011(5), Florida Statutes.
When the judgment was prepared, it erroneously stated that the defendant had been convicted of the original charge, which is a life felony. The defendant's scoresheet incorporated this error, resulting in a higher point score than should have been the case. Consequently the judgment must be vacated with respect to count I, sexual battery, and the case returned to the trial court for resentencing.
The next issue we must address is how the offense should be classified on remand. After being instructed on the charged offense of sexual battery with a deadly weapon in violation of subsection 794.011(3), the jury was also instructed on the necessarily lesser included offense of sexual battery in violation of subsection 794.011(5). When the verdict form was prepared, the verdict contained blocks for "with a firearm" and "without a firearm" for both offenses: 794.011(3) and 794.011(5). The jury acquitted the defendant of the greater charge, but convicted him of the lesser charge, 794.011(5), and checked "with a firearm."
The question before us, therefore, is whether a conviction of sexual battery under subsection 794.011(5), a second degree felony, is subject to enhancement to a first degree felony on account of the use of a firearm, through application of subsection *725 775.087(1), Florida Statutes. We conclude it is not.
Under the sexual battery statute, someone who uses or threatens to use a deadly weapon is guilty of violating subsection 794.011(3). Subsection 794.011(5) is the necessarily lesser included offense. See id. § 794.011(5), (6). It is not subject to enhancement for use of a deadly weapon. The jury instructions in the case were entirely correct, but the "with a firearm" option should not have been added with regard to subsection 794.011(5). On remand the judgment must be corrected to reflect the offense at conviction being subsection 794.011(5), a second degree felony.
We are confident that this error would have been corrected if called to the attention of the trial court, but it was not. Nonetheless, the error has a sufficient impact to call for us to recognize it as fundamental. See Maddox v. State, 760 So.2d 89, 95 (Fla.2000).
Affirmed in part, vacated in part, and remanded for resentencing after correction of the judgment and preparation of a new scoresheet.
NOTES
[1] The jury also convicted the defendant of sexual battery and two counts of armed kidnapping. In this appeal defendant does not challenge the armed kidnapping convictions.
[2] This court certified conflict with Ward in Butler v. State, 753 So.2d 785 (Fla. 3d DCA 2000), and Cruller v. State, 745 So.2d 512 (Fla. 3d DCA 1999), review granted, No. SC99-49, 762 So.2d 916 (Fla. Mar. 28, 2000). See also Hayes v. State, 748 So.2d 1042 (Fla. 3d DCA 1999), review granted, No. SC96813, 761 So.2d 329 (Fla. Feb. 21, 2000); Smart v. State, 652 So.2d 448 (Fla. 3d DCA 1995).

In Cruller, the defendant and an accomplice took the victim's car keys and wallet, and drove away in the stolen car. This court held that separate convictions were permissible for robbery of the wallet and car jacking of the car. See 745 So.2d at 512. This court's file in Butler reveals that the facts of that case are similar. Cruller, Butler, and Ward involved takings which occurred at the same time and place.
The instant case, by contrast, involves offenses occurring over a period of time, in multiple locations.