GROSS, J.
Manny Harris argues that his convictions of carjacking and robbery with a firearm violate the double jeopardy clauses of the state and federal constitutions. We affirm, relying on Consiglio v. State, 743 So.2d 1221 (Fla. 4th DCA 1999), since the convictions arose from separate acts and involved different property.
James Reed met Jason Bethea at an adult bookstore at about 1:00 a.m. on October 13, 1998. Bethea left the bookstore and Reed followed him. At Bethea’s car, the men conversed and Reed expressed interest in dating Bethea. Bethea suggested going to the West Palm Beach Airport Hilton, across the street, where it was more private and they could get to know each other better. Bethea drove to the hotel. Reed followed in his car. They met in the back of the parking lot, which appeared to be deserted.
Reed and Bethea got out of their cars and made light conversation. Then, appellant Manny Harris and another man came out from behind a dumpster. Harris pointed a gun at Reed’s head and told him to get on the ground. Reed complied. The two men and Bethea took off Reed’s shoes and socks and stuffed the socks into his mouth. They taped Reed’s hands behind his back and taped his legs together.
As Reed lay on the ground, one of the three assailants removed his bracelet and thumb ring. Reed’s wallet, containing twenty-five or thirty dollars, was taken out of his car.
The three men next threw Reed into the back seat of his car. Harris kept the gun pointed at Reed’s head until they took Reed off the ground and relocated him in the back seat. The men blindfolded Reed, but the blindfold did not completely cover his eyes. Reed saw Bethea driving his car: Harris and the other man went in another vehicle.
They drove around for about thirty minutes. Once they stopped, the* men dragged Reed out of the car. Harris and Bethea retaped Reed’s arms and legs. They threw Reed face down onto the back seat of his car. The men rifled through Reed’s trunk. At that time, Reed’s car keys were taken along with a compact disc, headphones, and a leather bound book.
The three men left Reed taped up and lying face down in the back seat of his car. They told him that if he got up they would come back and kill him. Reed later reported the incident to the police.
Harris was arrested on October 31, 1998. At the time, Harris wore Reed’s bracelet on his right wrist.
In Consiglio, the defendant was convicted of both carjacking and robbery. 743 So.2d at 1221. We held that the two convictions did not violate double jeopardy protection, since the convictions arose from separate acts, albeit with a minimal temporal separation. See id. During a beating, the victim in Consiglio gave the defendant her money, acts which supported the robbery conviction. See id. Shortly thereafter, the defendant drove off in the victim’s car, completing the carjacking. See id.
Consiglio is consistent with other cases finding no double jeopardy violation where robbery and carjacking convictions arose from separate acts committed during the same criminal episode. See Victor v. State, 774 So.2d 722 (Fla. 3d DCA 2000); Butler v. State, 753 So.2d 785, 786 (Fla. 3d DCA), rev. granted, 767 So.2d 454 (Fla. 2000); Cruller v. State, 745 So.2d 512, 512 (Fla. 3d DCA 1999), rev. granted, 762 So.2d 916 (Fla.2000); Simboli v. State, 728 *38 So.2d 792, 793 (Fla. 5th DCA 1999); Howard v. State, 723 So.2d 863, 864 (Fla. 1st DCA 1998); Smart v. State, 652 So.2d 448, 448 (Fla. 3d DCA 1995).
Similar to Consiglio, this case involves separate criminal acts which support the carjacking and robbery convictions. The assailants relieved Reed of his bracelet, thumb ring, and wallet, while Harris held a gun to Reed’s head; these acts amounted to the crime of robbery with a firearm. The three men then forced Reed into the back of his car and drove him to a new location; this taking of Reed’s car justifies the carjacking conviction.
We find no express and direct conflict with Ward v. State, 730 So.2d 728 (Fla. 1st DCA 1999). In Ward, the first district found that an armed robbery and an armed carjacking arose from “one forceful taking.” 730 So.2d at 729. While one defendant pointed a gun at the victim, the Ward defendants took the victim’s keys and drove off in her car. Id. At the time of the auto theft, the victim’s purse was on the front seat. See id. The armed robbery charge was based on the taking of the purse and its contents. See id. The defendants committed no act apart from the auto theft to obtain the purse and the money. See id. at 729-30. Under these facts, the first district found a double jeopardy violation. See id. at 730. This case is unlike Ward, because separate acts comprised the taking of the car and the personal property.
AFFIRMED.
FARMER and STEVENSON, JJ„ concur.