791 So.2d 522 (2001)
Jerome Mark DRAYTON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1519.
District Court of Appeal of Florida, Fourth District.
July 18, 2001.
Rehearing Denied August 24, 2001.
*523 Carey Haughwout, Public Defender, and Sophia Letts, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Bart Schneider, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Appellant, Jerome Drayton, appeals his conviction for resisting arrest without violence, resisting arrest with violence, and trespass. He alleged essentially two errors on appeal. First, his conviction for resisting arrest with violence and resisting arrest without violence is double jeopardy. Second, that the three consecutive five-year sentences are illegal because they exceed the statutory maximum.
After careful review of the facts adduced at trial, we find that Drayton's actions were two separate acts with different intents. At trial the State proved the following:
Brett Tannenbaum, a rental property owner, had twice observed Drayton trespassing upon his property. In the presence of police, Tannenbaum warned Drayton against trespassing again, and ejected him from his property. Several days later, Tannenbaum again observed Drayton on the property and summoned police. Two officers responded and as they approached, Drayton shoved one of them and a struggle ensued. Drayton was subsequently subdued and handcuffed. Moments after Drayton was under control, he *524 incorrectly told the officer he was seventeen and therefore a juvenile.
A conviction for resisting arrest with violence and resisting arrest without violence may occur when the convictions address two separate acts of resisting. See Madison v. State, 777 So.2d 1175, 1176 (Fla. 5th DCA 2001). Where there is a short temporal separation between criminal acts, the court will look to intent in deciding whether the actions of the defendant constitute separate acts. See Consiglio v. State, 743 So.2d 1221 (Fla. 4th DCA 1999); see also Brown v. State, 430 So.2d 446 (Fla.1983). In the case at bar, the intent of Drayton's physical resistance was to avoid arrest entirely. The intent of the lie about his age was to avoid being jailed as an adult. These acts have, as their motivation, two different intents. Therefore, in accord with this Court's decision in Consiglio v. State, 743 So.2d 1221 (Fla. 4th DCA 1999), we affirm on that issue.
Although the term to which Drayton was sentenced clearly exceeds the statutory maximum, because Drayton did not object to the sentence at the trial court level, nor did he file a rule 3.800 motion to correct sentence, the Florida Supreme Court's decision in Maddox v. State, 760 So.2d 89 (Fla.2000) requires us to affirm. However, this decision is rendered without prejudice to Drayton to file a subsequent, timely motion to correct sentence under rule 3.800(a).
AFFIRMED without prejudice to file a rule 3.800(a) motion to correct sentence.
GUNTHER, KLEIN and HAZOURI, JJ., concur.