799 So.2d 384 (2001)
Richard Allen LOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2471.
District Court of Appeal of Florida, Fourth District.
November 14, 2001.
*385 Helene Hvizd Morris of Helene Hvizd Morris, LLC, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Lock's conviction and sentence for carjacking with a deadly weapon, robbery with a deadly weapon, and aggravated battery with a deadly weapon.
The victim testified that his automobile was bumped from behind by a van occupied by Lock and his brother, Ronald. After exchanging insurance information, the victim was returning to his car when Lock struck him on the head with a blunt object. As he fell, Lock hit him again and the two engaged in a struggle. As the two struggled, Ronald also began hitting the victim.
After taking money from the victim, Ronald got in the victim's car. Immediately, the victim jumped through the passenger window and began struggling with Ronald. Lock then pulled the victim out of the vehicle and struck him again. Lock and his brother then left; Ronald driving the victim's car.
The victim identified Lock from a photo array and at trial made a 100 percent in-court identification. The area was lit by a street light, and the victim testified that nothing affected his ability to see the two. Lock moved to suppress any testimony pertaining to the photographic line-up and any subsequent in-court identification.
Upon our review, we find no abuse of discretion in the denial of Lock's motion to suppress the photo line-up which Lock asserts was suggestive and unreliable. A trial judge's ruling on a motion to suppress is clothed with a presumption of correctness, San Martin v. State, 717 So.2d 462, 469 (Fla.1998), and the ruling should not be disturbed on appeal absent an abuse of discretion. Hamilton v. State, 703 So.2d 1038, 1044 (Fla.1997). We need not resolve whether Lock's objection to the identification on these grounds was preserved, as the trial court, in any event, did not abuse its discretion in finding that the photo line-up procedure used in the instant case was not unreliable or unduly suggestive.
Detective Gagnon testified that when the photo line-up was conducted, she advised the victim that the perpetrators may or may not be in the photos. Although one of the line-ups shown to the victim contained names at the bottom of the sheet, Gagnon stated at both the suppression hearing and at trial that she covered the names, and both Gagnon and the victim testified that at no point before the *386 victim made the identifications did Gagnon state the name, "Richard Lock." The victim also stated that he did not remember seeing any names.
Lock also argues, for the first time on appeal, that it was reversible error for the court to admit state's exhibit 2 because at the bottom of the page was a reference to the photo being a "mug shot." While Lock concedes that no objection was made at the time of its admission on the basis that it contained the words "mug shot," he contends admitting the evidence was fundamental error. See Travers v. State, 578 So.2d 793, 797 (Fla. 1st DCA 1991)(noting "admission of excessive evidence of other crimes, to the extent it becomes a `feature of the trial,' especially in the absence of a limiting instruction when received, has been recognized as fundamental error requiring reversal.") (citation omitted).
We conclude that the admission of the exhibit was not fundamental error and affirm, as Lock failed to preserve the issue for review. See Tolbert v. State, 679 So.2d 816 (Fla. 4th DCA 1996). In any event, its admission would not have constituted reversible error on this record.
The supreme court has held that the introduction of the words "mug shots" is not per se reversible and that where that language is found, the entire record and surrounding circumstances must be considered. State v. Rucker, 330 So.2d 470, 470 (Fla.1976); Loftin v. State, 273 So.2d 70, 71 (Fla.1973). This court has also recognized that the admission into evidence of a photographic line-up comprised of photos identifiable as "mug shots" can be harmless error. Anderson v. State, 744 So.2d 475, 475 (Fla. 4th DCA 1999). Although this court did not elaborate on the holding, we cited to D'Anna v. State, 453 So.2d 151 (Fla. 1st DCA 1984).
In D'Anna, photographs of the defendant, with placards indicating the date of the arrest and listing the name of the sheriff's office, were admitted at trial over defense objections. In affirming the convictions, the appellate court recognized that it is error to admit evidence termed "mug shots." However, the error was not deemed reversible after reviewing the record and surrounding circumstances. Id. at 152.
Here, the victim's identification of Lock was unequivocal. Additionally, Lock's fingerprint was found on the automobile's manual found on the floorboard of the hijacked car. We also note that no attention was called, either through testimony or argument, to the photograph being labeled a "mug shot."
We also reject Lock's assertion that his convictions for both carjacking and robbery arising out of a single episode violate double jeopardy. In Harris v. State, 786 So.2d 36 (Fla. 4th DCA 2001), this court held that there is no double jeopardy violation where the robbery and carjacking convictions arise from separate acts committed during the same criminal episode. Here, the victim was first robbed and subsequently Lock's co-defendant, with Lock's assistance, drove off in the car. These were separate acts committed within the same criminal episode. Harris is not in conflict with Ward v. State, 730 So.2d 728 (Fla. 1st DCA 1999). In Ward, there was only one forceful taking without any temporal or geographic break. The property that was the subject of the robbery was in the vehicle at the time the vehicle was hijacked. Id. at 729.
We also affirm as to all other issues raised.
STEVENSON, J. and CLARK, NIKKI ANN, Associate Judge, concur.