PER CURIAM.
Appellant challenges the trial court’s denial of his Motion for Relief from Judgment filed pursuant to Florida Rule of Civil Procedure 1.540. On the basis of established precedent and the unrefuted factual allegations in appellant’s motion, we conclude that the trial court abused its discretion in denying the motion. See Woldarsky v. Woldarsky, 243 So.2d 629, 630 (Fla. 1st DCA 1971) (holding that trial courts are vested with discretion under rule 1.540(b) to grant relief to a party desiring to seek review of a final judgment, decree, or order that was rendered without notice to the party); see also Rosso v. Golden Surf Towers Condo. Ass’n, 711 So.2d 1298, 1300 (Fla. 4th DCA 1998) (reversing and remanding the trial court’s denial of the appellant’s 1.540 motion as the appellant did not timely receive a copy of the trial court’s order). Because appellant did not timely receive a copy of the trial court’s order designating him a sexual predator, and because appellant filed his 1.540 motion within one year of his receipt of the trial judge’s letter informing him of the entry of the sexual predator designation order, we reverse and remand for further proceedings in order that appellant may timely appeal the trial court’s order. Cf. Owen v. State, 483 So.2d 453, 454-55 (Fla. 1st DCA 1986) (affirming the trial court’s order denying the appellant’s 1.540 motion as the appellant failed to file his motion within one year of his receipt of the trial judge’s letter informing him of the court’s order).
REVERSED and REMANDED for further proceedings.
BARFIELD, BROWNING and LEWIS, JJ., concur.