842 So.2d 259 (2003)
Tony Deramous OLIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3510.
District Court of Appeal of Florida, Fifth District.
April 11, 2003.
*260 James B. Gibson, Public Defender, and-Meghan Ann Collins, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Angela D. McCravy, Assistant Attorney General, Daytona Beach, for Appellee.

ON MOTION FOR RECONSIDERATION
SHARP, W., J.
We grant the state's motion for reconsideration, withdraw our former opinion and reissue this opinion in its place.
Oliver appeals his judgment and sentence for robbery, battery and petit theft. We affirm in part and reverse in part.
He argues that he should be re-sentenced on the robbery charge because the habitual violent offender statute is unconstitutional.[1] We affirm his sentence for robbery because the unconstitutionality of the habitual violent offender statute was cured retroactively. See Hersey v. State, 831 So.2d 679 (Fla. 5th DCA 2002), which relied on the reasoning employed in Dobbert v. Florida, 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977). However, as in Hersey, we certify the question of whether the curative statute passed in 2002 should be applied retroactively to the offenses Oliver committed in 2000.
Oliver also argues that the principles of double jeopardy bar his dual convictions for petit theft and robbery. His convictions stemmed from an incident in which he entered an Amoco convenience store/ gas station, and began to buy a four-pack of wine coolers. When the clerk rang up the price of the coolers, Oliver changed his mind, and requested beer rather than wine. He went to get beer while the clerk voided the sale. Once the clerk rang up the beer, the cash drawer opened, and Oliver reached over the counter. A struggle ensued between Oliver and the clerk. Oliver stuck the clerk, grabbed the cash drawer, and ran out of the store carrying the cash drawer.
It is clear from the information and proofs offered at trial that the robbery and petit theft charges were based on the taking of the cash drawer containing cash from the clerk during the same incident. Based on current case law and precedent from this court, Oliver's claims that double jeopardy should bar dual convictions for both robbery and petit theft of the same property in the same incident from the same clerk, are valid. See Sirmons v. State, 634 So.2d 153 (Fla.1994) (defendant could not be convicted separately for robbery with a weapon and grand theft of an automobile based on a single taking of an automobile at knife point, as both were different forms of the same underlying *261 offense of theft); Elozar v. State, 825 So.2d 490 (Fla. 5th DCA 2002) (improper to convict defendant of grand theft and robbery of the same property taken at the same time from the same person as was conceded by the state in that case); Sessler v. State, 740 So.2d 587 (Fla. 5th DCA 1999) (improper to convict defendant of both robbery with a firearm and grand theft for taking money from store clerk and taking pistol from the clerk at the same time).
The state directed our attention to Taylor v. State, 751 So.2d 659 (Fla. 5th DCA 1999), rev. denied, 770 So.2d 161 (Fla. 2000), which is controlling. In Taylor, a defendant was convicted of robbery with a firearm, grand theft of a vehicle, and grand theft. This court held that it was improper to convict for both the grand theft and armed robbery because the charges involved the same property. However, we upheld a separate conviction for grand theft of a motor vehicle because there was a time break between the two takings and different objects were taken cash for the robbery, and the vehicle for the grand theft.
The result in Taylor is consistent with Hayes v. State, 803 So.2d 695 (Fla.2001). In that case, the court upheld dual convictions for armed robbery and grand theft because there was a separation in time, place and circumstances of objects taken. In this case, there is no separation of anything: not time, object, place or circumstances.
We therefore reverse the conviction and sentence for petit theft.[2] We also certify to the Florida Supreme Court the issue of the constitutionality of the curative effect of chapter 02-210, Laws of Florida, as it relates to chapter 99-188.
AFFIRMED in part; REVERSED in part; Question CERTIFIED.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] See Taylor v. State, 818 So.2d 544 (Fla. 2d DCA 2002).
[2] Since the dropping of that lesser conviction does not materially affect the sentence Oliver received under the three-time violent offender law, he need not be resentenced.