MAY, C.J.
The defendant appeals his conviction and sentence for burglary of a dwelling, resisting an officer without violence, and criminal mischief causing less than $200 in damages. He argues the trial court erred in: (1) refusing to conduct an evidentiary hearing on his motion in limine to suppress his statement and (2) sustaining the State’s objection to testimony concerning the foreclosure status of the burglarized home. We find no error and affirm.
Law enforcement caught the defendant in the attic of the victim’s home when they responded to the victim’s 911 call. When an officer asked the defendant what he was doing in the house, the defendant responded, “I’m just trying to make a living, come on, guys.”
Just prior to trial, the defendant filed a motion in limine to suppress the statement he made in the victim’s attic. Defense counsel indicated that the statement had just been discovered during a recent deposition. Defense counsel had not received *449 the transcript before he announced ready for trial. The trial court deferred ruling on the motion in limine because defense counsel failed to file a motion to suppress before trial. The court indicated it would address the issue later.
When the issue came up at trial, the court ruled on the merits of the motion. It found the defendant was not under arrest at the time the statement was made, and that the statement was voluntary. In short, the statement was not the product of a custodial interrogation.
“A trial judge’s ruling on a motion to suppress is clothed with a presumption of correctness, and the ruling should not be disturbed on appeal absent an abuse of discretion.” Lock v. State, 799 So.2d 384, 385 (Fla. 4th DCA 2001) (citation omitted).
Florida Rule of Criminal Procedure 3.190(h) governs the procedure for filing a motion to suppress and provides, in relevant part:
(h) Motion to Suppress a Confession or Admission Illegally Obtained.
[[Image here]]
(3) Time for Filing. The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion or an appropriate objection at the trial.
(4) Hearing. The court shall receive evidence on any issue of fact necessary to be decided to rule on the motion.
Fla. R.Crim. P. 3.190(h)(3)-(4) (emphasis added).
“In exercising the discretionary authority to entertain a motion to suppress during trial, ‘the judge must balance the rights of the defendant to due process and effective assistance of counsel with the rights of the state to ... appeal an adverse ruling on a motion to suppress.’ ” State v. Gaines, 770 So.2d 1221, 1227 (Fla.2000) (quoting Savoie v. State, 422 So.2d 308, 312 (Fla.1982)). Our supreme court has explained:
[T]he general requirement that a motion to suppress be made before trial is “designed to promote the orderly process of trial by avoiding the problems and delay caused when the trial judge must interrupt trial, remove the jury from the courtroom, and hear argument on a motion to suppress that could have been disposed of before trial.” Further, when the ruling is issued before trial, the State is given the opportunity to appeal the ruling of a trial judge in the event the evidence is suppressed.
Id. (quoting Savoie, 422 So.2d at 311).
Here, the defendant filed a motion in limine to suppress his statement just prior to trial. The trial court denied the motion, and declined to hear the matter in a separate evidentiary hearing during the trial. Instead, the trial court alternatively ruled on a defense objection when the State attempted to introduce the statement. We find no abuse of discretion in the trial court’s handling of the issue. See Smith v. State, 695 So.2d 864, 865-66 (Fla. 4th DCA 1997) (finding no abuse of discretion in the trial court entertaining an objection at trial on the voluntariness of a statement).
In this case, there was no need for additional testimony to rule on the objection. The trial court found the defendant was not in custody, and the statement was not made during an interrogation. Instead, the remark was a spontaneous statement made by the defendant as law enforcement discovered him hiding in the victim’s attic. Rule 3.190(h) specifically provides the trial court with the option of ruling on an objection when no motion to suppress is filed prior to trial.
*450 We also find no abuse of discretion in the trial court’s exclusion of evidence concerning the foreclosure status of the home. The victim had a possessory interest in the home as a tenant that was not affected by a foreclosure having been filed against the home’s owner. The trial court properly found the evidence irrelevant.

Affirmed.

TAYLOR and CIKLIN, JJ., concur.